80   413
113   531

80   413
115   698

## THE STATE v. MORGAN.

1. **Attorneys at Law**: COLLECTION OF MONEYS FROM: SUMMARY PROCEEDINGS: PLEADINGS. Under section 2906 of the Code, providing that judgments may be obtained on motion, by clients against attorneys, for money received by them, and section 2910, providing that such motions shall be heard and determined without written pleadings, *held* that an answer filed in such a case by the attorney, setting up affirmative matter, did not cast any additional burden upon the complainant, and that the averments of the answer were not to be regarded as admitted because no reply was filed thereto.

2. —— : —— : —— : JURISDICTION. The jurisdiction of the court to try such case on motion was not affected by the fact that there was a dispute as to whether the relation of attorney and client existed.

3. —— : —— : —— : ACCOUNTING: EVIDENCE. The evidence relating to various charges and claims made by the attorney against his client, in this proceeding by the client to compel the attorney to account for the balance of a judgment collected by him, is considered (see opinion), and *held* to sustain the finding of the district court against the attorney.

4. —— : —— : —— : NEW TRIAL : SURPRISE : NEW EVIDENCE. In such proceeding, the evidence of the complainant tended to establish unprofessional and immoral practices on the part of the attorney toward the client, who was a woman, and the attorney, after the court had announced its findings of fact and conclusions of law, moved for a new trial on the ground of surprise and newly-discovered evidence in regard to the scurrilous charges against him. But *held* that, since the alleged newly-discovered evidence was merely cumulative, or could have been obtained by diligence in time for the trial, he was not entitled to a new trial on that ground ; and if he was surprised by the testimony against him, he should have applied for a continuance, if his interests required it, instead of submitting the case without objection on complainant's evidence ; and that a new trial was properly refused.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

FILED, JUNE 2, 1890.

THIS is a summary proceeding instituted by Mary S. Berry against her attorney for the recovery of money. From a judgment rendered in her favor the attorney appeals.

*Ira W. Anderson* and *Morgan & Evans*, for appellant.

*Callender & Smith*, for the State.

ROBINSON, J.—On the sixteenth day of May, 1887, judgment was rendered by the district court of Polk county in a cause wherein the state of Iowa, on the complaint of Mary S. Berry, was plaintiff, and Nathaniel Halstead was defendant. The cause was a bastardy proceeding, and the judgment rendered required Halstead to pay for the benefit of complainant the sum of five hundred dollars forthwith, and the further sum of one hundred dollars each year thereafter for the period of ten years. P. F. Bartle acted as attorney for the complainant in obtaining the judgment, and secured a lien thereon for his fees to the amount of one hundred and fifty dollars. The complainant afterwards discharged Bartle, and employed the appellant Morgan to collect the judgment. She alleges that appellant has collected the full amount of the judgment, but has paid to her only the sum of five hundred and five dollars, and refuses to account for the remainder. She demands judgment against him for one thousand and ninety-five dollars, besides interest and costs.

The appellant admits that he was employed by the complainant as an attorney in the year 1887, but avers that he was so employed only to collect the five hundred dollars of the judgment which was then due; that for that service he was to receive fifty dollars, and his traveling and hotel expenses while engaged in that business; that under that agreement he collected the sum of $564.40, and that, on the sixteenth day of September, 1888, he paid to complainant the remainder of that amount.

which was then due her, and was then discharged by her as an attorney; that at that time there was due him from complainant one hundred and fifty dollars for attorney's fees in two cases which he had prosecuted for her, and the further sum of twenty-five dollars for services rendered in defending one of her brothers against a criminal charge; that, after the relation of attorney and client had ceased as aforesaid, to-wit, on the twenty-seventh day of November, 1888, the appellant purchased of the complainant her interest in the judgment, and agreed to pay her therefor the sum of six hundred and fifty dollars, less the amount of one hundred and seventy-five dollars then due him for attorney's fees, and she duly executed an assignment and bill of sale thereof; that complainant was to pay the lien of Bartle, but that she authorized appellant to pay thereon only the sum of one hundred dollars; that the appellant has tendered to Bartle and his assigns the sum of one hundred dollars in payment of the lien, but that the same has been refused; that the lien was assigned to Polk & Hubbell; that, after the judgment was assigned to appellant, he discharged the lien by giving a bond, as provided by law, to pay the amount due thereon; that Polk & Hubbell have commenced an action against him to recover the sum of three hundred dollars on account of the lien, which action is still pending; that complainant has failed to pay or secure him the amount which may be adjudged against him in said action; that he has been compelled to defend in said action, and that his services in defending are worth twenty-five dollars; that he has paid complainant on the assignment of the judgment the sum of $429.45; that he is ready and willing to pay her the balance due when he is relieved of liability on account of the Polk & Hubbell suit; that, after the assignment of the judgment to him, he was compelled to make two trips to Independence, for the purpose of protecting his interests in the judgment, and settling it, at an expense of seven days' time and thirty-six dollars in money; and that, if

the assignment of the judgment is set aside, he should be allowed the sum of one hundred and fifty dollars for the expense incurred and the services rendered by him, after the assignment, to obtain payment of it. The complainant admits the assignment of the judgment, .. but claims that it was to secure the payment of a loan of sixty dollars, which has been paid. She further claims that the entire compensation appellant was to receive for collecting the full amount of the judgment was fifty dollars, and she denies liability for other services for which she is sought to be charged.

The district court found that appellant had collected on the judgment, as attorney for complainant, the sum of $1,389.40; that he was personally liable, by reason of his bond, for one hundred and fifty dollars on account of the Bartle lien, and entitled to credit therefor; that he was entitled to a further credit for money paid complainant, and for costs and expenses, and for services rendered as her attorney, in the sum of $694.10; that he had in his hands, as attorney for her, in addition to the one hundred and fifty dollars for the Bartle claim, the sum of $545.30. Judgment was rendered requiring him to pay to the clerk of the court that amount for the complainant, and the costs.

I.    The hearing in the court below was had on the motion of the complainant and an answer thereto filed by the respondent.  Appellant insists that this should be treated as an action at law, and that, as his answer was not denied, all allegations in the nature of counter-claims therein contained should be taken as admitted.  This proceeding is instituted by virtue of section 2906 of the Code, which provides, among other things, that judgments may be obtained on motion, by clients against attorneys, for money received by them. Section 2910 provides that the "motion shall be heard and determined without written pleadings, and judgment given according to law and the rules of equity." The filing of the answer by respondent did not cast

1. ATTORNEYS at law: collection of money from: summary proceedings: pleadings.

The State v. Morgan.

upon complainant any additional burden, and her failure to file a reply cannot be construed as an admission of any of the averments of the answer.

II. Appellant contends that the court had no jurisdiction to try this case on motion in a summary manner, for the reason that there was a dispute as to whether the relation of attorney and client existed between the parties to the motion after November 27, 1888. The question of jurisdiction was investigated by the district court, which found that the relation of attorney and client existed between the parties at all times until the judgment was collected. The finding has ample support in the evidence. It is satisfactorily shown that the judgment was assigned on the date named to secure an advance of sixty dollars made on account of complainant. The assignment was absolute in its terms, and named eight hundred dollars as the consideration therefor, but the amount of money then paid was only the sum first named. The fact that the alleged relationship was denied by the respondent did not deprive the court of jurisdiction to try the case. It is to be expected that many controverted questions of fact will be involved in such proceedings, and that attorneys who wrongfully withhold the funds of their clients will urge various defenses in justification of their conduct. There is no reason for holding that the court may grant relief only when there is no controversy as to the facts, or when the disputed questions relate to the receiving or payment of the money or property for which the client seeks to make the attorney responsible.

III. The chief controversy on the merits of the case, aside from the question of the purpose of the assignment, is in regard to the right of appellant to certain credits which he claims. He contends that he paid to complainant on the twenty-ninth day of August, 1888, one hundred dollars in money and fifty dollars by check. She admits the receipt of but one hundred dollars in all,

and she is corroborated by statements made by him before this proceeding was commenced. Appellant claims one hundred dollars for alleged services rendered in an action commenced by him for complainant, against Nathaniel Halstead, in Buchanan county, for seduction and breach of promise of marriage, and also for charges of an attorney at Independence for services rendered in the same case. The evidence shows that the case was dismissed by appellant before trial; that his original agreement had been to commence the action for fifteen dollars, but that he was to have no more unless the case was tried; that he finally refused to commence the action unless complainant would consent to sexual intercourse with him, which she did; that the case was dismissed without her knowledge or consent. It is apparent that appellant is not entitled to the credits he claims in that case. Appellant claims a credit of fifty dollars for services alleged to have been rendered for complainant in a proposed bastardy proceeding against one Meyers, but she denies that he was employed, or rendered any service in such a case. Appellant also claims a credit of twenty-five dollars for services alleged to have been rendered in defending one of her brothers against a criminal charge, but she denies responsibility for the services, and he has failed to establish his claim by a preponderance of the evidence. The appellant also claims a credit of twenty-five dollars for collecting certain notes made by one S. E. Halstead, but it appears that they were collected by process of garnishment in this case, and that appellant receipted for the full amount thereof as attorney for complainant. He was not entitled to any special compensation therefor from her, even though it be true, as he alleges, that he received the notes for collection from Nathaniel Halstead, under an agreement to collect them for the sum of twenty-five dollars.

Appellant also claims an allowance of one hundred dollars which he alleges was paid him by Halstead for

services rendered at Independence in selling his father's estate, and thereby securing payment of the judgment in question, and for thirty-six dollars in money used in paying expenses. It appears that the father of Nathaniel Halstead died in Buchanan county, leaving an estate in which said Nathaniel had a considerable interest, and that a lien was secured in favor of complainant on certain land of the estate of the deceased, by filing in Buchanan county a transcript of the judgment in question. The services for which appellant demands credit were rendered, and the expenses were incurred, in securing a settlement of the estate, and thus obtaining payment of the judgment. But, so far as services were rendered for Nathaniel Halstead, complainant was not responsible; and appellant cannot escape liability by claiming that he did not receive the amount due on the judgment by the one hundred dollars he claims Halstead paid him, for the reason that he was not authorized to satisfy the judgment, as he did, for less than the amount due thereon. The evidence shows that complainant advanced nearly all the money which he claims to have paid for expenses. His agreement was to collect the entire judgment for fifty dollars, and the court rightly refused to make a further allowance therefor.

Appellant insists that the court erred in not holding that complainant was estopped from maintaining this proceeding until he was relieved from liability on account of the Polk & Hubbell suit. The court allowed him to retain the full amount of money required to satisfy the Bartle lien. The evidence shows that the lien could have been discharged by the payment of one hundred dollars, but that appellant advised Bartle not to accept less than one hundred and twenty-five dollars. It thus appears that, while appellant was authorized to pay one hundred dollars in settlement of the Bartle claim, and knew that it could be settled for that amount, he, in violation of his duties as an attorney, prevented a settlement. The facts proven would have

justified the district court in allowing respondent but one hundred dollars on account of the Polk & Hubbell suit, but, as complainant does not appeal, the allowance made will not be disturbed. We conclude that there was no error of which appellant can complain in the allowances made by the district court, including its findings as to the sums for which appellant is responsible.

IV. After the district court announced its findings of fact, and the conclusion based thereon, the respondent filed a motion for a new trial. In view of what we have already said, the only ground of the motion which we need to consider is that of newly-discovered evidence and surprise. The motion is supported by the affidavit of respondent. The material averments of the affidavit are, in substance and effect, that, if he is given a new trial, he can vindicate himself from the scurrilous charges made against him on the former hearing; that he was surprised at the statements made by complainant, and was not prepared to meet them, as they had not been pleaded; that he can prove that, at the time complainant alleges that she made the immoral contract in regard to the prosecution of the cause in Buchanan county, she had never been in his office; at that time he had not been employed to collect the judgment in question; that her testimony in regard to said alleged agreement is false; that respondent will prove that one Potes, a witness for complainant, was convicted of a felony, and served a term therefor in the penitentiary; that Thomas Berry, another witness for complainant, was at one time arrested for stealing horses, and is now a fugitive from justice; that respondent can prove that his dealings and relations with complainant have been fair and honorable in every way, and he believes he can prove that this proceeding was begun for blackmailing purposes, and to injure his professional standing in the community; that one of the witnesses for complainant threatened to accuse respondent of bastardy, and ruin

4. —:—: —:new trial: surprise: new evidence.

The State v. Morgan.

his reputation, unless he settled with complainant before this proceeding was commenced; that respondent can establish an absolute purchase of the judgment, as claimed by him; that he can prove that the bastardy case against Meyers was commenced; that he has discovered certain letters which he wrote,—one to Meyers and one to Halstead,—which would tend to corroborate his claim made on the trial. Much of the alleged newly-discovered evidence is merely cumulative. It is not shown that the facts which appellant alleges that he can prove were not known to him at the time of the trial, while the record shows affirmatively that he did then know most of them. He certainly then knew the character of his transactions with complainant. If he was surprised by the testimony, he should then have applied for a continuance, if his interests required him to do so. He was present in court, but failed to deny the statements of complainant in regard to the alleged immoral agreement and sexual intercourse. It is true she stated that the agreement was made, and that the intercourse took place, in the office of respondent, at a time named, and that he had previously testified, in referring to other matters, that she had not been in his office at the time alleged. But, if respondent was innocent of the charge made, he would hardly have rested his defense on an inference which might be drawn from something he had said on another subject. Some of the witnesses who testified against him were persons of questionable character; and it is possible, as appellant claims, that he did not believe the court would credit their testimony. But his belief in regard to the value of the testimony does not help him now. He was content to rest his case upon the evidence as submitted, without effort to obtain more on his part, and cannot now be heard to complain that he was disappointed in the result.

The respondent caused to be made of record a statement of the court in words as follows: "The relator's appearance upon the stand was exceptionally good, and

her testimony was, in point of clearness and frankness and harmony of statement, unimpeachable." The fact that respondent remained silent after she had told her story, instead of taking advantage of the first opportunity which was offered to deny it in direct and positive terms, is entitled to great weight against him. We should regret depriving appellant of any right which he ought to have to make further defense to the charges made against him in this case. As the record now stands, he appears to deserve the censure of all right-minded people, and to be unworthy of a place in an honorable profession. But he has had ample opportunity to be heard. He has made no showing whatever of diligence to procure the evidence which he now claims to be material. If the record does not represent the facts as they are, it is appellant's fault, as well as his misfortune. We are well satisfied that it sustains the judgment of the district court.

AFFIRMED.