O. N. DOWNS, Appellant, v. DAN DAVIS, Appellee.

Attorney and Client: CO-ATTORNEYS: *Retention by one of fee collected.* Where both parties were employed as attorneys for the settlement of a suit, and plaintiff told defendant to retain nis portion of the fee for him, the relation of attorney and client was not thereby created between them; and on defendant's collecting the fee and refusing to pay over any amount thereof to plaintiff, he could not maintain proceedings under Code, section 3826, providing that a judgment may be obtained, on motion, by a client against an attorney, for money collected.

MOTION TO COMPEL REPAYMENT: *Demurrer.* Where a paper filed under Code, section 3826, providing that judgment may be obtained, on motion, by a client against an attorney, for money collected, failed to show that the relation of attorney and client existed, the mere fact that it stated facts entitling the plaintiff to recover in an ordinary action did not make it good against a demurrer.

MOTION AND PETITION: *Demurrer* Where a paper filed was in fact but a motion for a judgment under Code, section 3826, providing that a client may secure judgment on motion for money collected and retained by an attorney, but the paper did not show that the relation of attorney and client existed, it was not good against a demurrer merely because it was designated as a "petition."

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY, APRIL 12, 1901.

IN the petition it is alleged that "your petitioner asks for a summary judgment and order against the defendant for $105, with interest and costs, and for cause thereof says," (1) in substance, that the parties are attorneys at law, and as such entered into a contract with Mary Knudson to commence and prosecute bastardy proceedings against Joe Crookham, and to receive for their services 40 per cent. of the amount recovered in suit or by compromise; that they

brought suit, claiming an attorney's lien in the original notice, and in settlement defendant received from said Joe $500, of which he paid Mary $290, and retained $210 as attorney's fees of these parties; that the relation of attorney and client existed between them, for that plaintiff told defendant, in event of a settlement, "to let plaintiff know, or to go ahead and make settlement, and collect plaintiff's fees for the plaintiff, and pay the plaintiff his share of the fees;" that defendant has in his hands $105 belonging to plaintiff, and it is prayed "that the plaintiff have judgment against the defendant for the sum of $105, together with interest and costs, and that plaintiff have an order against the defendant requiring and compelling him to pay the sum, and that plaintiff have such other and further orders in the premises as may be proper and right." To this petition defendant demurred on these grounds: (1) That the petition failed to show the relation of attorney and client; (2) the contract with Mary Knudson was champtertous; and (3) the contract was void because against public policy. The demurrer was sustained, and, as the plaintiff elected to stand on the ruling, the petition was dismissed, and he appeals.—*Affirmed.*

*B. W. Preston* for appellant.

*Seevers & Bryan* for appellee.

LADD, J.—According to the allegations of the petition, both parties were employed as attorneys by Mary Knudson. She was their client, and the fee stipulated a part of the amount to be recovered. The defendant, in acting under her instructions, did not depend on plaintiff's authority to settle; and the amount paid belonged to her, subject to the lien, if any, of the attorneys. Plaintiff merely told his associate and brother attorney in the action to retain his share of the fee for him. Nothing else. This involved no contract establishing the relation of attorney and client,

and surely such a thing was not thought of. At the most, they had a joint interest in the remuneration to be obtained for services; and defendant, in retaining the plaintiff's portion at his request, acted merely as his agent. He was called upon for a friendly act in no way involving the rendition of any service peculiar to his profession. While his conduct, if as alleged, was extremely reprehensible, it was not directed towards a client; and for this reason the remedy by summary proceedings contemplated in chapter 13, title 18, of the Code was not available.

II. But the appellant insists that, as the facts stated were sufficient to entitle him to recover in an ordinary action, the demurrer should have been overruled. Of necessity, such must be the facts in every application for a summary order, to justify compelling an attorney to turn over money unlawfully detained to his client. The purpose of the summary proceeding is merely to afford a speedier and possibly a more adequate remedy because of the obligations of the attorney as an officer of the court. As pointedly said in *Bank v. Todd,* 52 N. Y. 489, "The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again." The ground of jurisdiction in such a case is the misconduct of the officer, and it should be exercised with sedulous regard for the rights of the client, on the one hand, and the attorney, on the other. The court is simply called upon to enforce the plain duty of its officers, and, without the aid of a jury or written pleadings, enter judgment according to the very right of the matter. Section 3830, Code; *State v. Morgan,* 80 Iowa, 413; *Burns v. Allen,* 15 R. I. 32 (2 Am. St. Rep. 844, and note s. c. 23, Atl. Rep. 35); *In re Schell,* 128 N. Y. App. 67 (27 N. E. Rep. 957); 3 Am. & Eng. Enc. Law, 411. The paper filed by appellant was denominated "Pe-

tition for Order and Judgment," and it began and ended with a prayer for a summary order and judgment. 4    That it was named a "petition" cannot affect its real character, as indicated by the allegations made and relief sought.    It was no more and nothing less than a motion for a summary order on defendant, as an attorney, under section 3826 of the Code, though misnamed as above stated.    Had the demurrer been overruled,    no    written pleadings would have been required, and trial to the court without jury would have followed as of course.    It needs no argument to show that such a paper ought not to be deemed a motion for the purpose of trial and relief, and at the same time a petition with respect to the ruling on a demurrer.    The filing of a demurrer did not alter its character as a motion, and we know of no rule transposing it into a petition merely because it contains material enough to make up such a pleading.    The ruling was right, and is AFFIRMED.