FLORENCE DORSEY et al., v. METROPOLITAN STREET RAILWAY COMPANY, L. S. KEN-WORTHY, Plaintiff in Error; L. A. LAUGHLIN et al., Defendants in Error.

**Kansas City Court of Appeals, May 2, 1910.**

1. **ATTORNEY: Summary Proceedings.** An attorney is an officer of the court and he may be proceeded against in a summary manner to compel him to pay over money belonging to his client.

2. **ATTORNEY AND CLIENT: Summary Power of Court.** The authority of a court to disregard ordinary procedure in the administration of justice and entertain a summary remedy against an attorney at law for the payment of money, is an extraordinary power and is only exercised when the relation of attorney and client exists.

3. ————: ————: **Associate Attorney: Fees: Lienholders.** A court's authority by summary remedy to direct an attorney to pay money to his client which the former retains in his hands, does not include a right to proceed against an attorney to compel him to pay fees or shares of fees, retained by him, to associate attorneys to whom they belong. Nor does such authority include the right to adjust liens on such fees claimed by third parties.

Error to Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND PROCEEDINGS DISMISSED.

*L. S. Kenworthy, Franz E. Lindquist* and *E. E. Chesney* for plaintiff in error.

*B. D. Davis* for defendant in error.

ELLISON, J.—It appeares that Florence, Frances and Elmer Dorsey each recovered judgment in the circuit court of Jackson county against the Metropolitan Street Railway Company, in their separate suits for damages for personal injury. It further appears that L. A. Laughlin and L. S. Kenworthy were partners as attorneys at law and as such partners represented the above named plaintiffs in the cases against the street railway; that before the judgments were paid these attorneys became estranged and the partnership was dissolved. Afterwards the judgments were settled by the street railway with the respective plaintiffs through Kenworthy, and it being asserted by Laughlin that Kenworthy was retaining to himself the fees due the firm and upon which other parties had claims or liens given by the firm, he undertook to have the trial court in which these judgments were rendered to compel Kenworthy, by summary proceedings, to pay over the money so collected as fees to himself and others. The court ordered that Kenworthy pay to the clerk of the court certain sums hereinafter named, and on his refusal was about to cite him for contempt. The entire matter can be best understood by a recital of the record as made. Mr. Laughlin's motion was the initiatory step and was filed as of the cases against the street railway. It is as follows:

"MOTION FOR RULE ON ATTORNEY.

"Now comes L. A. Laughlin and shows to the court that he was formerly a member of the firm of Laughlin & Kenworthy, attorneys for the plaintiffs in the above entitled cases. That said partnership was composed of himself and L. S. Kenworthy, and was dissolved by mutual consent on July 1, 1909. That since the dissolution of said firm pending a settlement of the partnership's affairs, neither partner had the right to sign the firm name and that notice to that effect was given by

the motioner to said Kenworthy and to the above named defendant. That at the time of said dissolution, said Kenworthy was indebted to said firm, in the sum of twelve hundred dollars, as shown by its books. That on or about the 12th day of July, 1909, without the knowledge or consent of the motioner, said Kenworthy compromised the said cases with said defendant, and received attorney's fees belonging to said firm in amount between twelve hundred and fifteen hundred dollars; that there are valid liens and obligations of said firm to secure which said firm hypothecated said fees as security, which amount to about the sum of twelve hundred dollars, and which should be paid out of said fees to the parties entitled thereto. That said Kenworthy refuses to pay said liens, but intends to convert the money so received by him to his own use.

"Wherefore, this motioner asks that said Kenworthy be ruled to appear before the court and show cause, if any, why he should not pay over the fees received by him to the parties legally entitled thereto.

"L. A. LAUGHLIN."

The court then entered an order directing Kenworthy to show cause why he should not pay the fees collected by him "to the parties legally entitled thereto."

Mr. Kenworthy then filed his answer to such motion and rule, as follows:

"ANSWER TO RULE ON ATTORNEY.

"Now comes L. S. Kenworthy and for answer to rule filed herein states that the above named plaintiffs were and are now his clients and he had a legal right to settle same and that he paid all of said clients all money due each of them and that all money over and above that amount in said cases is his fee; that the Metropolitan Street Railway Company have enough money to pay L. A. Laughlin and W. L. McSpadden.

"And for further answer relator states that W. L. McSpadden had no lien on said causes of action, nor did one Nute have any valid nor legal lien.

"And for further answer relator states that the court has no right, authority nor jurisdiction to make such order and said order violates the Constitution in denying relator a jury trial."

The court then heard the controversy and found that Kenworthy since his dissolution of partnership with Laughlin had collected fees due the partnership, in Dorsey cases against the street railway, $419, and that he likewise "holds the further sum of $655, attorneys' fees belonging to said firm, and that George H. Nute and William L. McSpadden claim to have a lien on said fees." It was then ordered that Kenworthy pay those sums to the clerk of the court.

Mr. Kenworthy not having paid the money directed by the court, Mr. Laughlin filed his affidavit informing the court of that fact. There were some other record entries not necessary to notice.

Mr. Kenworthy then sued out a writ of error from this court, and we have now to determine the matters in controversy.

Mr. Laughlin insists that the order of the court was to pay money over to the clerk of the court to be afterwards disposed of by the court according to right and justice, and that therefore it is not an order from which an appeal will lie. It will not be necessary to say whether that would be the rule in this State, in the circumstances here shown, for the reason that the whole proceeding is without legal support. The proceeding was instituted to determine the rights of Laughlin and Kenworthy to the money involved, as well as the rights of certain other parties as lienors for debts of the partnership. The avowed purpose was to compel one of former partners to pay to the other certain fees, and to a larger portion on account of certain indebtedness of the former to him. The facts set up in the

motion not making "a case which calls for summary interposition of the court in behalf of the petitioner for the collection of his claim," then no order should have been made. [Matter of Haskin, 18 Hun 42.] The direct effect of the proceeding was to become a substitute for an action for an accounting and settlement between partners. In our opinion the proceedings are not warranted by the law.

The idea back of the mode adopted by Mr. Laughlin undoubtedly was that since Mr. Kenworthy was an attorney at law and therefore an officer of the court, the latter had jurisdiction to entertain the proceedings he instituted and compel the payment of a claim by one lawyer against another for a share of fees collected by the other. Notwithstanding the summary control courts may have over attorneys as court officers, it does not go to that extent. By reason of the attorney being an officer of the court, whose office is to assist and protect those who need advice as to the law which the courts administer, and to present the causes of those who are compelled to come into court for an adjustment of their affairs, the courts have a summary power over such attorney in relation to his connection with his clients, whereby they may compel him to pay over money received for and belonging to the client. [In re Paschal, 10 Wall 483; Schell v. Mayor, 128 N. Y. 67.] And while this power is enacted into statute law in some jurisdictions, it exists as inherent authority in the courts, without the statute. [Weeks on Attorneys, sec. 77.]

But such extraordinary power does not reach into the business life of an attorney outside his relation to his client. And a court in which an attorney is enrolled and practicing has no authority to supervise, settle or control a matter of fees between co-counsel, whether as partners or individuals [In re Kennedy, 120 Pa. St. 497; Downs v. Davis, 113 Iowa 529; Haygood v. Haden, 119 Ga. 463; Taylor v. Railway, 56 N. Y. Supp.

665; Matter of Haskin, supra.] In the first of these cases it is said that it is only by virtue of the relation of attorney and client that the court has jurisdiction to interfere in this summary manner, and that "the court might as well make an order upon an attorney to pay his tradesmen's bills," as to interfere with his private debt. The four other cases state the law in the same way. They are particularly applicable, for, as here, the proceeding was instituted by one attorney against another to compel payment of a share of fees.

It will be noticed that in the original motion or petition filed by Mr. Laughlin, he sets up that other parties had been given a lien on the fees due him and Kenworthy. The names of these parties are not given, though mentioned in the court's order, and they came in afterwards, and each filed a paper in the matter or controversy, and stated that they had liens against the fees, one for five hundred and fifty-five dollars, and the other for one hundred dollars. What we have said is sufficient to show that these parties have no right whatever to obtain legal redress in this way, unless we are prepared to revolutionize the whole order of civil procedure. We refer to it, in addition to what we have said, in order to further emphasize that the proceeding here attempted would substitute a summary and quasi criminal procedure for a bill in equity for the settlement and adjustment of partnership affairs; as well, perhaps, as for interpleaders coming in for an adjudication of their rights.

We have considered the motion to dismiss the writ of error and think it should be overruled.

The judgment and orders of the court are reversed and the proceedings dismissed. All concur.