WILLIAM McCREARY, Executor, &c., *vs.* DAVIS H. HOOPES.

To sustain a motion under the statute, (Hutch. Co. 425,) it is necessary to establish the relation of client and attorney.

A client is one who applies to a lawyer or counsellor for advice and direction in a question of law, or commits his cause to his management in prosecuting a claim, or defending against a suit in a court of justice. *Held,* that H. was not employed for any of the purposes embraced in this definition.

There is nothing in the whole transaction requiring the advice or opinion of an attorney.

The evidence only establishes the relation of principal and agent.

IN error from the circuit court of Claiborne county ; Hon. Stanhope Posey, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*George V. Moody,* for appellant,

Cited the statute of the State allowing motions against attorneys who refuse to pay over money collected for clients. Hutch. Co. 425, § 9.

The estate of Robinson is to be benefited by a judgment against H., not C.; and the judgment confessed by C. cannot be a set-off to the judgment sought by this motion against defendant, for they are between different parties.

Hoopes, who was acting as the general and special attorney for Robinson, deceased, received from the sheriff of Claiborne county the money of the estate which had been collected on an execution, and acknowledged he had received it. H. cannot hold the money collected as agent of C., the executor of R., even if R. was indebted to him. But he sets up no claim against R., and there is no excuse for his retaining it.

In support of the position, that the statute makes an attorney liable for money received, not upon process of the court, see *Johnson* v. *Pyles,* 11 S. & M. 189, and authorities cited.

*D. H. Hoopes, in propriâ personâ,*

In reply, contended he was not liable under the statute by

motion, and cited *Banks* v. *Stephens*, 1 How. 293.    This authority, he contended, was conclusive of the case.

Mr. Justice FISHER delivered the opinion of the court.

This was a motion in the circuit court of Claiborne county for a judgment against the defendant in error, for the sum of $257.82 and interest thereon, money by him collected as the attorney of the plaintiff.

The facts disclosed by the record are as follows: Hoopes had recovered a judgment in said court against one Reddich Robinson, the plaintiff's testator, for the sum of $300; upon which an execution was issued, and was by the sheriff levied upon a certain slave, which was sold on the 19th day of July, 1847, for the sum of $620.    After satisfying said judgment, costs, and other charges, there remained a surplus of $257.82, the amount claimed by the motion.    This surplus, according to the return on the execution and other evidence in the record, was on the day of said sale paid to Hoopes, as the attorney of the plaintiff.

The evidence is not sufficient, in our opinion, to establish the relation of client and attorney, but only of principal and agent.

The statute says, that every attorney or counsellor receiving money for his client, and refusing to pay the same when demanded, shall be proceeded against in a summary way, on notice, &c. in the same manner that sheriffs are liable to be proceeded against for money received on execution.    Hutch. Co. 425.    To sustain a motion under this statute, it is necessary to establish the relation of attorney and client.    A client is "one who applies to a lawyer or counsellor for advice and direction in a question of law, or commits his cause to his management in prosecuting a claim or defending against a suit, in a court of justice."    It is certain that Hoopes was not employed for any of the purposes embraced in this definition. The money was paid to him, in the language of the sheriff, immediately after the sale.    There was nothing in the whole transaction requiring the advice or opinion of a lawyer.    The sheriff never for a moment resisted payment; and it is not, therefore, to be presumed that the defendant was retained or

consulted for the purpose of coercing, by legal remedies, that which was never refused.

The evidence, as already stated, only establishes the relation of principal and agent, and not that of ·client and attorney. The statute has, on a former occasion, been to some extent construed by this court. 1 How. 293. It was there held, that the statute must receive a strict construction, which means that it must be confined strictly to the very class of cases therein provided for.

Judgment affirmed.

NOTE. A petition for a reargument was filed in this case, but refused by the court.