(No. 21221.—

THE PEOPLE *ex rel.* Samuel J. Andalman, Relator, *vs.* PHILIP J. FINNEGAN, Circuit Judge, *et al.* Respondents.

*Opinion filed October 22, 1932.*

SAMUEL J. ANDALMAN, *pro se.*

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, and BERNARD SHULMAN, of counsel,) for respondents.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Upon leave granted, Samuel J. Andalman, the relator, filed an original petition in the name of the People of the State, praying for a writ of *mandamus* commanding Philip J. Finnegan, one of the judges of the circuit court of Cook county, to expunge a certain order entered by Daniel P. Trude, another judge of the same court, in a suit for divorce brought by Jeannette R. Feingold against Maurice R. Feingold. The complainant and defendant in that suit were also made respondents to the present petition; the three respondents filed separate answers, and the relator demurred to the answers. Upon these pleadings the cause is submitted.

On June 26, 1929, Jeannette R. Feingold filed a bill in the circuit court of Cook county seeking separate maintenance from her husband Maurice R. Feingold. She amended her bill to one for divorce and after a hearing the amended bill was dismissed for the want of equity. Upon her appeal, the decree was affirmed by the Appellate Court for the First District. She applied to this court for a writ of *certiorari,* the writ was awarded, and upon a further review of the record, the judgment of the Appellate Court was affirmed in part and the cause was remanded to the circuit court with directions to enter a decree for the return by Jeannette R. Feingold of all moneys disbursed by Maurice R. Feingold in discharge of temporary alimony, solicitor's fees, costs and suit money pursuant to the orders of the circuit court, with interest on the sums so disbursed at five per cent per annum. *Feingold* v. *Feingold,* 345 Ill. 203.

After the remandment of the cause, the solicitors representing Maurice R. Feingold served notice upon the re-

lator that they would appear before the Honorable Daniel. P. Trude, a judge of the circuit court, on October 28, 1931, and ask that a decree be entered against Jeannette R. Feingold in accordance with the mandate of this court. The relator in turn immediately served notice upon Jeannette R. Feingold that he would at the same time ask the court's permission to withdraw as her solicitor. When these motions were made, the permission sought was refused, but the court stated that it would allow Mrs. Feingold to be represented by additional counsel. The hearing on the motion for the entry of a decree was postponed to November 10, 1931. On that day the court entered a decree by which it was found that the defendant had paid the complainant $1675 for the purposes stated and that the interest thereon amounted to $150.51, making a total of $1825.51. The order of the decree was that "Maurice R. Feingold have and recover from Jeannette R. Feingold the sum of $1825.51, and that an execution be issued in favor of said Maurice R. Feingold and against Jeannette R. Feingold, and the said Jeannette R. Feingold and Samuel J. Andalman, her solicitor in this cause, are hereby ordered and directed to refund said money to the respective amounts received by them, and that this court retain jurisdiction of this cause for the purpose of enforcing this decree." The relator was not present when the decree was entered, but a court reporter, at his request, transcribed the proceedings for him. The respondent, Jeannette R. Feingold, in her answer to the present petition, admits that the copy of the proposed decree served upon the relator did not require him to refund money to Maurice R. Feingold, but that this provision was inserted in the decree at the time it was entered on November 10, 1931.

Shortly after the entry of the decree, the relator filed a petition for a change of venue and made a motion to expunge from the decree, the provision which made him a party to it. During their pendency, Jeannette R. Feingold

filed a petition in which, among other things, she alleged that, out of the moneys advanced by her and those paid by Maurice R. Feingold, her divorced husband, the relator retained $1258, and that on November 10, 1931, Judge Trude entered a decree requiring her and the relator, her solicitor, to refund $1825.51 to her former husband. By this petition Mrs. Feingold sought an order commanding the relator to pay the clerk of the circuit court, within a short time, the money which she charged he retained, and upon noncompliance with the order, to show cause why he should not be punished for contempt. The relator's petition for a change of venue was granted; and his motion to expunge and Mrs. Feingold's petition were assigned to Judge Finnegan for consideration and disposition. The motion was denied on November 27, 1931, and the hearing upon the petition was postponed to a day subsequent to the filing of the respondents' answers in this cause.

The relator seeks the peremptóry writ of *mandamus* on several grounds. The first is that upon the filing of this court's mandate, the circuit court had no jurisdiction except to follow its terms and that the inclusion in the decree of an order requiring the relator to refund the moneys received by him was a violation of the specific terms of the mandate and therefore void. The circuit court was directed to enter a decree for the return by Jeannette R. Feingold of all moneys laid out by Maurice R. Feingold in payment of alimony, solicitor's fees, costs and suit money. The direction was specific; it concerned Jeannette R. Feingold alone and did not include the relator. The specific direction to enter a decree against a particular person necessarily excludes every other person from the adverse operation of the decree. The mandate of a court of review which gives specific directions for the entry of an order or decree must be obeyed by the trial court. (*People ex rel.* v. *Scanlan,* 294 Ill. 64). The trial court to which a cause has been remanded may take only such proceedings as conform to the

judgment of the court of review, and the specific directions, given by the latter tribunal, must be carried out. (*People ex rel. v. Militzer*, 301 Ill. 284; *People ex rel. v. DeYoung*, 298 id. 380; *Union Nat. Bank v. Hines*, 187 id. 109). The incorporation in the decree of the order requiring the relator to refund the moneys received by him was not an incident of, but was a material and substantial departure from, the specific directions set forth in this court's mandate, and the circuit court had no power to include that order in its decree.

The respondents, however, seek to sustain the decree in its entirety on the ground that the relator was an officer of the circuit court and hence that the court had, quite apart from the specific directions of the mandate, summary jurisdiction to enter the order against the relator. The order required the relator to refund the money which he had received and retained, not to Jeannette R. Feingold, his client, but to Maurice R. Feingold, the opposite party. The rule is well settled that courts have no summary jurisdiction over an attorney to compel him by order or rule to pay over moneys unless the relation of attorney and client exists between the attorney and the party seeking such summary relief. (*Haygood v. Haden*, 119 Ga. 463; *Downs v. Davis*, 113 Iowa, 529; *McCreary v. Hoopes*, 25 Miss. 428; *Crane v. Gurnee*, 71 Atl. (N. J.) 338; *In re Langslow*, 167 N. Y. 314; *Matter of Schell*, 58 Hun, (N. Y.) 440; *In re Niagara, Lockport and Ontario Power Co.* 203 N. Y. 493, Ann. Cas. 1913B, 234; *In re Kennedy*, 120 Pa. St. 497; *Windsor v. Brown*, 15 R. I. 182). The rule has its basis in the right of an attorney, except where the relation of attorney and client exists, to have his liabilities established in the ordinary channels of legal procedure. (*In re Haskin*, 18 Hun, (N. Y.) 43). In the *Matter of Schell*, 58 Hun, (N. Y.) 440, the court said at page 442: "It is because of the relations existing between attorneys and clients, that the client is allowed to pursue this extraordinary remedy; and it is because it is the duty of the court to see that the attor-

ney acts with fidelity, as well to the court as to the client, that it assumes this jurisdiction. There does not seem to be any principle upon which a stranger, simply because he has become the owner of a demand which had once been owned by a client, can seek this protection of the court." The relation of attorney and client cannot exist between the attorney for one party and the opposite party to a suit or proceeding and the latter cannot invoke against the former the summary jurisdiction which a court may exercise for a client's protection. (*Crane* v. *Gurnee,* 71 Atl. (N. J.) 338). The relator represented the complainant in the suit for divorce and the circuit court, upon the defendant's motion, summarily ordered the relator to refund to the defendant money which the latter had paid to or for the complainant. Obviously the defendant did not sustain the relation of client towards the relator, and the circuit court had no jurisdiction to grant summary relief against him at the instance and in favor of the defendant.

The relator, in support of his petition makes further contentions which in effect are, that the order requiring him to refund was incorporated in the decree without notice or an opportunity to be heard and that if Maurice R. Feingold had any claim against him, due process of law required that he should have brought an appropriate action for the determination of the issue after notice and a hearing. The notice served upon the relator by the solicitors for Maurice R. Feingold that on October 28, 1931, they would ask for the entry of a decree in accordance with the mandate of this court had attached to it a copy of the proposed decree. Drawn in accordance with the mandate, the pertinent part of the copy read that "Maurice R. Feingold have and recover from Jeannette R. Feingold the sum of $1825.51, and that an execution be issued in favor of said Maurice R. Feingold and against Jeannette R. Feingold, and the said Jeannette R. Feingold is hereby ordered and directed to refund said money to him." At the time the decree was en-

tered on November 10, 1931, the relator was not present and the clause "the said Jeannette R. Feingold is hereby ordered and directed to refund said money to him," was changed to read, "the said Jeannette R. Feingold and Samuel J. Andalman, her solicitor in this cause, are hereby ordered and directed to refund said money to the respective amounts received by them." According to the copy of the proposed decree served upon the relator, no relief would be sought against him. He had the right to rely upon the notice that the order asked would require Jeannette R. Feingold alone to refund money to her former husband. At the postponed hearing of the motion, without notice to him and in his absence, the order to refund was changed to include the relator as well as his client.

Not only was the foregoing proceeding summary and unwarranted so far as the relator is concerned, but the subsequent proceedings were likewise anomalous. While the relator's motion to expunge the part of the decree which affected him was pending, Jeannette R. Feingold filed a petition for an order requiring the relator to pay the clerk of the circuit court the moneys which she had advanced as well as those which Maurice R. Feingold had paid to him. She alleged in this petition that a decree had been entered requiring the relator and herself to refund to Maurice R. Feingold the sums of money they had received from him. The motion to expunge was denied and Mrs. Feingold's petition remains undetermined. Hence it appears that notwithstanding the adjudication, expressly alleged in the petition, that the relator return the money he received to Maurice R. Feingold, the relator is required to answer a petition in the same court for the return of the same money, not to Maurice R. Feingold already declared entitled to it, but to the clerk of the court, and upon failure to comply with an order requiring him to refund, that he be adjudged in contempt. Apart from questions of due process of law, the order of November 10, 1931, to the extent that it includes

the relator should not have been entered if the petition of Mrs. Feingold concerning the same subject matter is well founded.

The writ of *mandamus* commanding the Hon. Philip J. Finnegan, as judge of the circuit court of Cook county, to expunge the order entered in the case of Jeannette R. Feingold *vs.* Maurice R. Feingold, on November 10, 1931, to the extent that it requires the relator to refund money to Maurice R. Feingold, is awarded.  *Writ awarded.*