DOROTHY LIBERTY, Plaintiff, *v.* GREEK WELFARE FOUNDATION, Defendant-Appellee.—(BURTON SAPOZNICK, Appellant.)

First District (2nd Division)    Nos. 62157-62158 cons.

Opinion filed December 28, 1976.

Michael Steinberg, of Chicago, for appellant.

George D. Karcazes and John T. Duax, both of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Burton Sapoznick, an attorney-at-law, appeals an order of the circuit court of Cook County requiring him to turn over to the court an amount of money which he received as attorney for plaintiff, and an order finding him in contempt of court for failure to comply with such turn-over order.

The issues raised by Sapoznick's appeal are: (1) the propriety of the trial court's order directing Sapoznick to pay to the clerk of the court the attorney's fee received for work performed for plaintiff; and (2) did the court properly find Sapoznick in contempt of court for failure to comply with its order.

The facts giving rise to the appeal in summary are: Dorothy Liberty (plaintiff) filed an amended complaint against the Greek Welfare Foundation (defendant) seeking damages for breach of contract and conversion. Plaintiff filed interrogatories. Defendant did not answer the amended complaint or the interrogatories. A default judgment was entered against defendant, which later, on defendant's motion, was vacated. Defendant then moved to strike and dismiss plaintiff's amended complaint. However, defendant never pursued its motion nor answered the interrogatories, and on July 31, 1974, a second default judgment in the amount of $8,040 was entered against defendant.

On September 18, 1974, defendant received notice from the National Bank of Austin (garnishee-defendant) that the bank had been served with notice of garnishment proceedings against defendant's account in connection with the default judgment. Defendant filed a motion to vacate that judgment but never filed any motion to stay the garnishment proceedings. On October 8, 1974, judgment was entered for plaintiff against the garnishee-defendant, and on November 18, 1974, plaintiff petitioned for a turn over to plaintiff of the funds being held by the garnishee-defendant. This petition noted a section 72 petition (Ill. Rev. Stat. 1973, ch. 110, par. 72) to vacate the underlying default judgment had been filed, and further alleged that such petition does not stay the execution of the prior judgment. The trial court ordered the garnishee-defendant to turn over to plaintiff $8,084.56. A check for the ordered amount was made out to "Burton Sapoznick Attorney for Dorothy Liberty." Sapoznick deposited this check in his attorney client fund account. On November 19, 1974, these funds were distributed at plaintiff's request. Plaintiff received from Sapoznick a check in the amount of $5,386.80, with Sapoznick retaining, as his fee, the amount of $2,697.76.

On January 10, 1975, defendant's petition to vacate the default judgment was allowed and the July 31, 1974, judgment was vacated. On January 17, 1975, defendant moved that plaintiff and Sapoznick turn over the monies garnished from defendant's account. Plaintiff was ordered on March 12, 1975, to turn over $8,084.56 to the clerk of the court, and the

motion against Sapoznick was continued. The record indicates that plaintiff was not served with this turn-over order, and neither defendant nor Sapoznick was aware of her whereabouts at the time of the 1975 proceedings.

On April 7, 1975, the trial court ordered Sapoznick to turn over to the clerk of the court the sum of $2,697.76. A motion for rehearing of this matter was denied and the order was made final on May 5, 1975. On May 9, 1975, Sapoznick filed a notice of appeal.

A petition for rule to show cause was filed against Sapoznick for failure to comply with the order. On June 6, 1975, the trial court found him to be in contempt and fined him $100. Sapoznick filed a notice of appeal from this order also. Both appeals have been consolidated by this court.

I.

Sapoznick contends the circuit court improperly exercised summary jurisdiction over him in ordering him to pay certain monies to the court which he had received as a fee from plaintiff. Plaintiff, Sapoznick's client, made no motion for such payment; rather, defendant, who had no relationship with Sapoznick, made the motion. Defendant argues Sapoznick was properly ordered to turn over these monies because they were earned pursuant to a judgment subsequently vacated.

There was no relationship between defendant and Sapoznick upon which defendant had standing to bring a claim against Sapoznick. The monies in question were paid by the garnishee-defendant to Sapoznick as attorney for plaintiff. These monies were the property of plaintiff, not Sapoznick. While the fee paid to Sapoznick may be traceable to the funds paid plaintiff by defendant, that fee was paid for services rendered to plaintiff from monies belonging to plaintiff.

■■ Sapoznick was not a party to any action pending before the trial court. He was simply the attorney for plaintiff and the trial court had no authority to exercise summary jurisdiction over him. As stated by our supreme court in *People ex rel. Andalman v. Finnegan* (1932), 350 Ill. 109, 113, 182 N.E. 792:

> "The rule is well settled that courts have no summary jurisdiction over an attorney to compel him by order or rule to pay over moneys unless the relation of attorney and client exists between the attorney and the party seeking such summary relief. [Citations]. The rule has its basis in the right of an attorney, except where the relation of attorney and client exists, to have his liabilities established in the ordinary channels of legal procedure."

See also *Neale v. Parks* (1st Dist. 1949), 339 Ill. App. 142, 88 N.E.2d 891 (abstract).

Defendant argues these cases were significantly different from the case at bar since *Andalman* involved a case in which the attorney was not

given proper notice of the claim against him, and in *Parks* the order against the attorney had been premature since the court had not yet determined the owner of the property from which the attorney had collected his fee. However, in *Andalman,* the court first ruled there was no summary jurisdiction over the attorney, and then noted the argument concerning notice. In *Parks,* the court stated that the order was not only premature but that the court had no jurisdiction over an attorney, except in a case brought by that attorney's client, unless the attorney is made a party to the action. Sapoznick was not made a party to the action, nor was he defendant's attorney; thus, the court erred in exercising summary jurisdiction over him.

Defendant argues these fees were contingent and not earned if the judgment pursuant to which they were given is vacated. There is nothing in the record to establish that Sapoznick's fee was contingent. *Pocius v. Halvorsen* (1963), 30 Ill. 2d 73, 78, 195 N.E.2d 137, cited by defendant, involved a suit between an attorney and his client concerning the contingency fee contract between them. On the other hand, the case at bar involves an attorney and a third party with nothing in the record to indicate the attorney had any duty to the third party. Defendant cites several other cases, none of which we find to be applicable to the instant matter.

It is to be noted that pursuant to section 72(4) of our Civil Practice Act, "[t]he filing of a petition under this section does not affect the order, judgment or decree, or suspend its operation." Consequently, the fact that the trial court ordered the garnishee-defendant to turn over the $8,084.56 to the plaintiff while a section 72 petition was pending did not violate any statutory provision. *Brooks v. Goins* (1st Dist. 1967), 81 Ill. App. 2d 12, 15, 225 N.E.2d 707.

## II.

■■ The second issue concerns the finding of Sapoznick in contempt and the fine of $100 for failure to comply with the turn-over order.[1] As discussed above, the trial court had no jurisdiction to enter the turn-over order against Sapoznick. A person cannot be guilty of contempt of court for disobedience of an order which the trial court had no jurisdiction to enter. *Fireman v. Smith* (1930), 341 Ill. 154, 155, 173 N.E. 64; *People v. Adams* (1st Dist. 1976), 35 Ill. App. 3d 810, 815, 343 N.E.2d 659.

---

[1] It should be noted that the contempt order was entered after a notice of appeal had been filed on the turn over order. The question of whether the trial court had jurisdiction to enter such a contempt order has not been raised or briefed by the parties. In view of our reversal of the contempt order for other reasons, it is not necessary to discuss this point. However, nothing in this opinion should be taken to suggest that the trial court did or did not have jurisdiction to enter the contempt order.

For these reasons the orders of the circuit court of Cook County dated April 7, 1975, May 5, 1975, and June 6, 1975, are reversed and the cause is remanded for proceedings consistent with the views expressed herein.

Judgments reversed and remanded.

STAMOS, P. J., and JIGANTI, J., concur.