THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRYL NELSON, a/k/a Sylvester Lee, Defendant-Appellant.

Fourth District    No. 15436

Opinion filed June 2, 1980.

1124

Richard J. Wilson and Donald R. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Marc D. Towler and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

On December 29, 1975, defendant was placed on probation for a term of 3 years following his plea of guilty to theft. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) A condition of the probation was that defendant make restitution of a stated amount and pay costs.

On August 4, 1978, a petition to revoke probation alleged (1) that defendant failed to make any restitution or payment of costs, and (2) that defendant had been convicted of aggravated battery in another county. After admonitions by the court, the allegations of the petition were admitted by defendant and appropriate record of the subsequent conviction was placed in evidence.

The order appealed provides:

> "IT IS HEREBY ORDERED that the Defendant is in contempt of Court and he is hereby sentenced to six months imprisonment in the McLean County Jail with credit for time spent in custody * * *.
>
> IT IS FURTHER ORDERED that the term of the Defendant's probation be extended to December 28, 1980, and that all restitution and Court costs be paid prior to September 1, 1980."

The order further provided that defendant be released on personal recognizance and computed an amount to be credited to restitution and costs from defendant's cash bond.

Upon appeal, defendant prays that the order of the trial court be reversed in part, and that this court vacate that portion of the order which extends probation for a term of 2 years and requires further restitution. He argues that he has served a jail sentence (much reduced by credit for time served) upon a finding of general contempt and that the provision of the order for the extension of probation and completion of restitution brings about multiple punishments for the same offenses in violation of *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, and *People v. Gray* (1977), 69 Ill. 2d 44, 370 N.E. 797. We do not agree with the conclusion argued by defendant in interpreting the order of the trial court.

Section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(d)) provides:

"Probation * * * shall not be revoked for failure to comply with conditions of a sentence * * * which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay."

The petition to revoke probation does not allege a *wilful refusal to* pay restitution and costs, and the record contains no evidence which would establish wilful refusal. The record does show statements of defendant's counsel that he was unable to pay, but there is no testimony to that effect.

Section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3) sets forth conditions of probation which may be imposed by the trial court, including:

"(9) make restitution in an amount not to exceed * * *. Where the conditions of payment have not been satisfied, the court, at any time prior to the expiration or termination of the period of probation, * * * may impose an additional period not to exceed 2 years, during which the *conditions of payment alone shall remain in force.*" (Emphasis added.)

■■ In the light of such provision and the structure of the trial court's order, it cannot be said that the court imposed the sentence for contempt upon the failure to complete restitution.

By reason of the structure and content of the trial court's order, we must conclude that the incarceration for contempt was imposed in view of the admitted violation of probation resulting from the conviction. Section 5—6—4(e) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(e)) provides:

"(e) If the court finds that the offender has violated a condition at any time prior to the expiration or termination of the period, it may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that

was available under Section 5—5—3 at the time of initial sentencing."

Within the context of such provision, the order of the trial court neither enlarged on or modified the existing sentence of probation because of the subsequent conviction, nor did he revoke probation and impose "any other sentence that was available under Section 5—5—3 at the time of initial sentencing" upon the underlying offense of theft over $150.

It is noted that as of the date of the proceedings in revocation, section 5—6—3(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(d)) provided that imprisonment as a condition of probation could not exceed 3 months. Thus, a revocation and resentence with imprisonment as a condition of probation could not continue for the term of 6 months as provided here.

Prior to the proceedings in revocation defendant had been sentenced upon the subsequent conviction. In *People v. Gray* (1977), 69 Ill. 2d 44, 370 N.E.2d 797, it was determined that a defendant held in contempt for violation of a court order and sentenced could not thereafter be prosecuted for assault and battery for the reason that there would be multiple punishments imposed in violation of the constitutional rights against double jeopardy.

■ For such reasons the order of the trial court finding the defendant to be guilty of contempt and imposing sentence is reversed, and the sentence is vacated. The order of the trial court extending the period of probation for purposes of making restitution is affirmed.

Affirmed in part; reversed in part, and sentence vacated.

CRAVEN, J., concurs.

Mr. JUSTICE GREEN, specially concurring:

I agree with the disposition made by the majority. The contempt could not have properly been imposed for the failure to make restitution or to pay court costs because that failure was not shown to be wilful. It could not have properly been imposed for the subsequent offense for which defendant had already been punished, for to do so would have placed him in double jeopardy. *Gray.*