THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CYRIL JOSEPH, Defendant-Appellant.

First District (2nd Division)    No. 81-721

Opinion filed March 30, 1982.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Anthony John Calabrese, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

Defendant, Cyril Joseph, was indicted for murder and, after a bench trial, was found guilty of voluntary manslaughter. (Ill. Rev. Stat. 1979, ch. 38, par. 9—2.) Defendant was sentenced to serve seven years in the Department of Corrections, the maximum term for voluntary manslaughter. (Ill. Rev. Stat. 1979, ch. 38, pars. 9—2(c), 1005—8—1(a)(5).) As a condition of that commitment the trial court ordered the Department of Corrections to place defendant in solitary confinement from sunrise to sunset one day each year on the anniversary of the offense (November 22, 1979) and to feed him only bread and water while he was so confined. The court also imposed a 30-month period of probation to commence "at the conclusion" of defendant's seven-year sentence. On appeal defendant argues that the period of probation and condition of solitary confinement were unauthorized and must be vacated. For the reasons which follow we agree, vacate that portion of the sentence imposing probation and ordering solitary confinement and, as modified, affirm defendant's sentence.

## I

Defendant contends that since the trial court sentenced him to serve the maximum term for voluntary manslaughter, seven years, the court's imposition of a period of probation is "meaningless" because once defendant has served the maximum sentence "there would be no realistic sanction for violation of the purported probation term." The State responds that a term of imprisonment may be combined with a period of probation and argues that defendant could be punished with contempt of court for violating his probation even though at the time of the violation defendant would have already served the maximum statutory term of imprisonment for the underlying offense.

▪▪ Analysis of the parties' contentions appropriately begins with the observation that all dispositions imposed by the courts in criminal cases must be authorized by law. (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 164, 374 N.E.2d 205; *People v. Breen* (1976), 62 Ill. 2d 323, 326-29, 342 N.E.2d 31; *People v. Dunn* (1976), 43 Ill. App. 3d 94, 96, 356 N.E.2d 1157.) Section 5—5—3(b) of the Unified Code of Corrections states:

> "The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors other than those identified in subsection (c) of this Section:
>
> (1) A period of probation;
> * * *
>
> (4) A term of imprisonment;" Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b)(1) and (b)(4).

▪▪ While it is clear that a term of continuous imprisonment may be combined with and made part of a period of probation, section 5—5—3(d)

of the Code limits the length of imprisonment that may be imposed as a condition of probation to six months and requires that it be served elsewhere than in the Department of Corrections. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(d); *People v. Tipton* (1981), 88 Ill. 2d 256, 263-64, 430 N.E.2d 1023.) It is readily apparent that the portion of the trial court's sentence requiring defendant to serve 30 months probation after he has completed his seven year commitment to the Department of Corrections cannot be upheld under this section. Except for section 5—5—3(d), there is no statutory authority for combining a term of imprisonment with a period of probation. Once the trial judge sentenced defendant to serve a term of seven years in the Department of Corrections, he could not then also sentence defendant to a period of probation. This conclusion makes it unnecessary to discuss the State's novel theory that defendant could be punished with contempt for violating one of the conditions of his "probation" even though, at the time of that violation, defendant would have already served the maximum term of imprisonment for the underlying offense of voluntary manslaughter.[1] A person cannot be guilty of contempt of court for disobedience of an order which the court had no jurisdiction to enter. (*Liberty v. Greek Welfare Foundation* (1976), 44 Ill. App. 3d 973, 976, 358 N.E.2d 1241; *People v. Adams* (1976), 35 Ill. App. 3d 810, 815, 343 N.E.2d 659.) Thus a court may not find a person in contempt for violating a sentence of probation which the court had no jurisdiction to impose. (*In re G.B.* (1980), 88 Ill. App. 3d 64, 67, 410 N.E.2d 410, *aff'd in part, rev'd in part on other grounds and remanded* (1981), 88 Ill. 2d 36, 430 N.E.2d 1096.) The sentence of probation in this case is unauthorized and must be vacated. In light of this holding we do not reach defendant's argument that the imposition of a probation term consecutive to a maximum prison term conflicts with the legislature's statutory scheme of mandatory supervised release. Ill. Rev. Stat. 1979, ch. 38, pars. 1003—9(a)(3)(i)(B), 1005—8—1(d)(2).

---

[1] We note that the State cites *People v. Colclasure* (1977), 48 Ill. App. 3d 988, 363 N.E.2d 631, for the proposition that a defendant may be incarcerated for contempt when he violates one of the conditions of his probation. Contrary to the State's representation, however, *Colclasure* did not decide this issue. In *Colclasure* the Fourth District held, in a split decision, that a violation of one of the conditions of a sentence of periodic imprisonment may be punished with imprisonment as contempt of court. (48 Ill. App. 3d 988, 989-90.) In a subsequent Fourth District case, not cited by the State, the court, in another 2-1 decision and relying on *Colclasure*, held that a violation of probation may also be punished as contempt. One other opinion implies but does not expressly state that contempt may be an appropriate sanction for a violation of probation. (See *People v. Watland* (1972), 4 Ill. App. 3d 845, 848, 281 N.E.2d 435.) In *People v. Nelson* (1980), 84 Ill. App. 3d 1123, 406 N.E.2d 167, however, the Fourth District indicated that upon a finding of contempt for violation of probation, the contemnor may not be punished with incarceration in excess of what is permitted by statute for the underlying offense. This would preclude a court from sentencing a contemnor to prison for a probation violation once the contemnor had served the maximum term prescribed by statute.

## II

Defendant also contends that the trial court lacked authority to order the Department of Corrections to place him in solitary confinement once a year on the anniversary of the offense and to feed him bread and water while he was so confined. The State, citing no applicable statutory or case authority but relying instead on the "acute need for imaginative sentencing," responds that the condition of solitary confinement was "necessary, reasonable and appropriate and therefore should be affirmed."

■■■ Nothing in the Code of Corrections authorizes a trial court to order the Department of Corrections to place a defendant in solitary confinement or to feed him only bread and water. After the imposition of a sentence of commitment to the Department of Corrections, "it remains primarily within the purview of the Department of Corrections to execute the sentence in accordance with the laws enacted by the legislature regarding the management, care and rehabilitation of persons committed to the Department." (*People v. Williams* (1977), 66 Ill. 2d 179, 187, 361 N.E.2d 1110; see also *In re Washington* (1976), 65 Ill. 2d 391, 398, 359 N.E.2d 133.) The court's order of solitary confinement improperly interferes with the Department's responsibilities under those laws.

Under section 3—7—2(c) of the Code, the Department of Corrections is required to "provide facilities for every committed person to leave his cell for at least one hour each day unless the chief administrative officer determines that it would be harmful or dangerous to the security or safety of the institution or facility." (Ill. Rev. Stat. 1979, ch. 38, par. 1003—7—2(c).) An inmate may be placed in solitary confinement only for disciplinary reasons. (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—7(b)(3).) Since the repeal of former section 754a of the Criminal Code in 1961, there has been no statutory authority empowering either the trial judge or the jury to impose a period of solitary confinement as a condition of a sentence of imprisonment. *People v. Smith* (1968), 98 Ill. App. 2d 406, 416, 240 N.E.2d 462.

The court's restriction of defendant's diet is also unauthorized and in contravention to the Department of Corrections' obligations under the Code of Corrections. The Department is required to "provide every committed person with a wholesome and nutritional diet at regularly scheduled hours" (Ill. Rev. Stat. 1979, ch. 38, par. 1003—7—2(d)) and is prohibited from imposing "disciplinary restrictions on diet, * * *." Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—7(b)(1).

It is obvious from the foregoing that the trial court's order directing the Department of Corrections to place defendant in solitary confinement and to feed him only bread and water is impermissible. Whether, as the State argues, the "sentence is medically and spiritually in keeping with the rehabilitation of the defendant" and is "well suited to both the criminal

and the crime," it is not authorized. Supreme Court Rule 61(c)(18), regarding sentences and punishments, specifically states, "In imposing sentence, a judge should follow the law and should not compel persons brought before him to submit to some act or discipline without authority of law, whether or not he may think it would have a beneficial corrective influence." Ill. Rev. Stat. 1979, ch. 110A, par. 61(c)(18); *People v. Breen* (1976), 62 Ill. 2d 323, 327-28, 342 N.E.2d 31; *In re Peak* (1978), 59 Ill. App. 3d 548, 551-52, 375 N.E.2d 862.

For the reasons hereinabove stated, we vacate the court's sentence of probation and order of solitary confinement on a diet of bread and water. As modified, defendant's sentence is affirmed.

Affirmed as modified.

STAMOS, P. J., and HARTMAN, J., concur.