*In re* J.A.G., a Minor.—(The People of the State of Illinois, Petitioner-Appellee, *v.* J.A.G., Respondent-Appellant.)

Fourth District   No. 4—82—0212

Opinion filed March 3, 1983.—Modified on denial of rehearing April 7, 1983.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

This is an appeal from an order committing a delinquent minor to the juvenile division of the Department of Corrections following a finding that he had committed three batteries. His sole contention on appeal is that his commitment to the Department of Corrections is un-

lawful because he will not receive proper treatment for a drug abuse problem while incarcerated.

We cannot consider the merits of the above contention on direct appeal from respondent's commitment. Those cases in which courts have held that the conditions of confinement of prisoners or residents of juvenile rehabilitation or mental health facilities violate the constitutional rights of such persons have consistently originated as civil suits against officials of the institutions where the affected individuals were confined. (See, *e.g., Youngberg v. Romeo* (1982), 457 U.S. 307, 73 L. Ed. 2d 28, 102 S. Ct. 2452; *Nelson v. Heyne* (7th Cir. 1974), 491 F.2d 352; *Holt v. Sarver* (E.D. Ark. 1969), 300 F. Supp. 825.) The reasons for this phenomenon are readily apparent. Generally speaking, the sentencing or committing judge does not select or designate the correctional or mental health institution to which a prisoner, juvenile delinquent or mental patient will be assigned; that decision is typically made by the governmental department or agency to whose care such person is committed. It follows that at the time he or she is sentenced or committed, a prisoner, juvenile offender, or mental health patient will usually have no specific knowledge as to what the conditions of his or her confinement will be and will therefore be unable to present evidence as to this matter at the sentencing or dispositional hearing.

Furthermore, the appropriate remedy for unconstitutional conditions of confinement is normally an injunction ordering the abatement of the unconstitutional conditions, as opposed to unconditional release of the affected prisoners, juvenile offenders or mental patients (see, *e.g., Nelson; United States ex rel. Wilson v. Coughlin* (7th Cir. 1973), 472 F.2d 100; *Morales v. Turman* (E.D. Tex. 1973), 364 F. Supp. 166). Since officials of the governmental departments and agencies responsible for the maintenance of prisons and juvenile detention and mental health facilities are obviously not parties to most criminal and civil commitment proceedings, a trial judge is usually incapable of affording any meaningful relief to a defendant or respondent who challenges the conditions of confinement at his or her sentencing or dispositional hearing, even if sufficient evidence as to the conditions of confinement is presented at that hearing.

Since a sentencing or dispositional hearing is not, therefore, a proper forum in which to advance contentions as to alleged unconstitutional conditions of a defendant's or respondent's impending confinement, direct appeal from an order of commitment or an order imposing sentence is likewise not a proper means of asserting the alleged unconstitutionality of conditions of confinement. Although in the instant case the respondent obviously had some knowledge as to

the conditions of his confinement at the time that his appeal was briefed and argued before this court, consideration of whether those conditions violate any of respondent's constitutional rights would require us to consider evidence outside of the record which was before the circuit court when it committed respondent to the Department of Corrections. An appellate court may not premise its decisions on such evidence. (See *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198; *Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) We must therefore affirm respondent's commitment to the juvenile division of the Department of Corrections.

In his petition for rehearing, respondent concedes that a dispositional hearing is an improper forum for advancing contentions as to the alleged unconstitutionality of the conditions of a minor's impending incarceration and also agrees that the judge presiding at a dispositional hearing is incapable of affording any relief to a minor on the basis of such contentions. The respondent asserts, however, that the trial court's dispositional order itself represents an unconstitutional exercise of judicial authority which was violative of his right to drug abuse treatment. In support of this assertion, respondent relies on *People v. Joseph* (1982), 105 Ill. App. 3d 568, 434 N.E.2d 453, and analogizes the dispositional order entered in this case to an unconstitutional application of the death penalty.

Assuming, for purposes of argument only, that J.A.G. does indeed have a constitutional right to treatment for his drug abuse problem, his contention that his commitment to the Department of Corrections (DOC) is violative of that right must stand or fall on the basis of the evidence which was available to the trial court at the time of the dispositional hearing. (See generally *Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) At his dispositional hearing, the respondent testified that during a prior stay at the Hanna City juvenile correctional facility, the only drug abuse treatment that he received consisted of weekly sessions with a volunteer. According to respondent, these sessions were of very little help, and he continued to use drugs even while incarcerated.

The only other evidence bearing directly on the type of drug abuse treatment which was to be available to respondent while confined to the DOC as a result of the dispositional order entered in this case was the testimony of Roxanne Castleman, respondent's probation officer, that she had been told by DOC officials that there are no formal drug abuse treatment programs available to minors in the custody of the DOC. The DOC does, however, make use of community resources to meet the drug abuse treatment needs of minors confined to

each juvenile correctional facility.

■ The fact that respondent received little formalized drug abuse treatment while confined to the Hanna City juvenile facility does not amount to conclusive evidence as to the type of treatment which was to be available to him upon his incarceration following the dispositional hearing. The testimony of Ms. Castleman established only that the type of drug abuse treatment available at the juvenile correctional facilities operated by the DOC varies. In our view, this evidence falls far below that which would be required to establish that the circuit court's order of commitment constituted an infringement of J.A.G.'s purported constitutional right to treatment for his drug abuse problem. *Joseph* and the cases in which the application of the death penalty was held unconstitutional do not require a different result. In *Joseph*, the sentence imposed (that during the period of his incarceration, defendant be placed in solitary confinement from sunrise to sunset on each anniversary of the murder of which he was convicted and be fed only bread and water during that time) was clearly of a type which the trial court was not statutorily empowered to impose, and, in the death penalty cases, the records contained facts which amply supported the determination that the death penalty was unconstitutionally applied.

For the above reasons, we are of the opinion that there is no basis upon which to alter our original disposition of this matter. The petition for rehearing is denied.

Affirmed.

MILLS and TRAPP, JJ., concur.