148

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ECCLE-SIASTES MATTHEWS, Defendant-Appellant.

Fourth District    No. 4—94—0051

Opinion filed June 29, 1995.

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James L. Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Ecclesiastes Matthews pleaded guilty in the circuit court of Adams County to the offenses of unlawful possession with intent to deliver a controlled substance (cocaine) (720 ILCS 570/401(c)(2) (West 1992)) and possession of a firearm without the requisite firearm owner's identification card (430 ILCS 65/2(a) (West 1992)). He

was sentenced to a term of 10 years' imprisonment on the narcotics offense and a concurrent term of 364 days for the firearm offense. The trial court also imposed several fines totaling $3,580. Defendant was ordered to pay these fines by November 4, 1999, and to make monthly installments upon his release from prison. Certain jewelry in defendant's possession at the time of his arrest was ordered by the court to be held, appraised, and sold, as the court believed it had authority to levy against defendant's property for satisfaction of the imposed fines. The court indicated it was not taking the jewelry as a forfeiture. Defendant filed a motion to reduce sentence, asking that his jewelry be returned. This request was denied, with the court noting that the jewelry was appraised as having a value of $600. The court ordered the jewelry held and not sold, pending the outcome of this appeal. We now reverse the trial court's order as to seizure of the jewelry.

A sentence within the statutory limits will not be reversed absent an abuse of discretion. (*People v. Hemphill* (1994), 259 Ill. App. 3d 474, 476, 631 N.E.2d 898, 900.) However, all sentences imposed by trial courts must be authorized by law. *People v. Joseph* (1982), 105 Ill. App. 3d 568, 569, 434 N.E.2d 453, 454.

■ The manner in which fines can be collected is defined by statute. For example, bond money posted by a defendant must be applied toward payment of any judgment for fines and court costs. (725 ILCS 5/110—7(h) (West 1992).) A court may also enter an order of withholding to collect a fine due from a defendant. (730 ILCS 5/5—9—4 (West 1992).) Upon default in payment of a fine, a defendant may be held in contempt and imprisoned for nonpayment if there was an intentional refusal to pay. (730 ILCS 5/5—9—3(b) (West 1992).) A default in payment may also be collected by any means authorized for the collection of money judgments rendered on behalf of the State, such as civil process. See 730 ILCS 5/5—9—3(e) (West 1992).

■ The State argues that rather than wait for defendant to default on payment of his fines, it was proper for the trial court to apply the value of his jewelry to payment of the fines. The State cites section 15 of "An Act to revise the law in relation to criminal jurisprudence" (Costs and Lien Act) (725 ILCS 130/15 (West 1992)), which provides for the creation of a lien on all nonexempt personal and real property of a defendant as will be sufficient to pay any fine and costs of prosecution. That section also prescribes the procedure for levy upon property for payment of the judgment. However, in this case, the court gave defendant until November 4, 1999, to pay his fine and costs, ordering him to make monthly installments on the judgment following his release from prison. It would be incongruous to also

levy upon defendant's property for amounts not then due. In any event, the procedure for levy as set out in section 15 of the Costs and Lien Act was not followed in this case. Therefore, the trial court's seizure of defendant's jewelry and its order of appraisal and sale to satisfy the judgment was contrary to law.

Accordingly, defendant's conviction is affirmed, as is his sentence of fines and imprisonment. However, that portion of the court's order seizing defendant's jewelry and ordering the value applied to defendant's fines is reversed.

Affirmed in part; reversed in part.

KNECHT, P.J., and GREEN, J., concur.