THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MACK T. COLE, Defendant-Appellant.

(No. 72-252; )

Third District—July 17, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Donald DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Mack T. Cole pleaded guilty to the offense of voluntary manslaughter in the Circuit Court of Rock Island County. He was then sentenced to a term of from 12 to 20 years in the Illinois State Penitentiary in accordance with the plea bargaining arrangement made between defendant and the prosecution. On appeal now, defendant contends that the sentence imposed prior to the effective date of the Unified Code of Corrections, should now be reduced to conform with the Unified Code. This court had allowed the defendant to file a late notice of appeal in this cause.

█ ██ █ The Code of Corrections applies to negotiated pleas. (*People v. Mize,* 9 Ill.App.3d 647, 292 N.E.2d 731.) As indicated by the Illinois Supreme Court in *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269, the fact that the 1 to 3 ratio was prescribed by the Code as to minimum and maximum sentences, made the sentence under the Code less than under the prior law which was in effect when the prosecution was commenced. As noted in the *Harvey* case, a defendant in such situation correctly

maintains that sentences are in excess of those which were imposed for the similar crime by virtue of the fact that the minimum term of incarceration is required to be not greater than one-third of the maximum term fixed in the case by the court. Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—8—1(c)(4).

■■ In compliance, therefore, with the *Harvey* case and under the precedent of *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, defendant may avail himself of the provisions of the Unified Code of Corrections, since a direct appeal was not finally adjudicated prior to the effective date of that statute.

The judgment of the Circuit Court of Rock Island County is, therefore, affirmed, but this cause is remanded to the Circuit Court of Rock Island County with directions to such Court to conduct a new sentencing hearing herein and to appropriately resentence defendant.

*Affirmed and remanded with directions.*

STOUDER and DIXON, JJ., concur.