(No. 45712.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee v. ETHEL MARIE MARIN, Appellant.

*Opinion filed March 20, 1974.*

Norman Nelson, Jr., of Chicago (Sidney Z. Karasik, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and John J. Bowman, State's Attorney, of Wheaton (James B. Zagel and Ronald Hanna, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Ethel Marie Marin, herein referred to as defendant, was indicted with her husband, Robert Steven Marin, and Daniel Clinton Pieler upon charges of aggravated kidnapping. The case against the defendant and her husband was severed for trial. A jury found them guilty and she was sentenced to imprisonment for not less than 15 nor more than 30 years. The judgment was reversed because the jury had not been properly instructed as to the elements of the offense, and the case was remanded for a new trial. *People v. Marin* (1971), 48 Ill.2d 205.

On November 30, 1971, the defendant withdrew her plea of not guilty and entered a plea of guilty. After inquiring into the voluntariness of her plea and admonishing her, *inter alia,* that "the Court can sentence you to a term of from two years to life, and also there is a possibility of a death sentence," the trial judge accepted her plea, found her guilty of aggravated kidnapping, and entered judgment on the finding.

The defendant then applied for probation. After argument the court ruled that the offense charged in the indictment, aggravated kidnapping (Ill. Rev. Stat. 1971, ch. 38, par. 10–2(a)(1)), was "still a capital offense" even though the death penalty was not imposed and that therefore probation could not be granted. The court then denied the defendant's request to withdraw her plea of guilty and sentenced her to imprisonment.

The Appellate Court for the Second District affirmed

the judgment and held that aggravated kidnapping for ransom was a capital offense within the meaning of section 117—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—1(a)), which provides:

"(a) A person who has been found guilty of any offense except a capital offense *** may be admitted to probation ***."

The court reviewed the Committee Comments to section 117—1, and said: "The obvious intention is to rule out the possibility of probation for the 'heinous crime' of 'kidnapping for ransom.' Its 'heinous' nature is the reason it was included within the 'capital offense' exception in Section 117—1 regardless of the sentence eventually imposed." (*People v. Marin* (1973), 9 Ill. App. 3d 28, 29.) We granted leave to appeal.

The defendant contends that section 117—1(a) was rendered unconstitutional by section 11 of article I of the Illinois Constitution of 1970, that aggravated kidnapping is not a capital offense precluding probation, and that she should have been allowed to withdraw her plea of guilty after the trial court ruled that probation could not be granted. We need not consider these contentions because, due to a change in the relevant statutes, the defendant is now eligible for a sentence of probation.

Section 5—5—3(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—5—3(d), as amended by Pub. Act 78—832, effective October 1, 1973) provides:

"(d) When a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:

(1) a period of probation or conditional discharge except in cases of murder, rape, armed violence, armed robbery, violation of sections 401(a), 402(a), 405(a) or 407 of the Illinois Controlled Substances Act or violation of section 9 of the Cannabis Control Act."

There is no longer a prohibition against a sentence to a period of probation for the offense of aggravated kidnap-

ping for ransom, as there was under section 117—1(a) of the Code of Criminal Procedure of 1963.

Section 8—2—4 of the Unified Code of Corrections provides:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.

In *People v. Chupich* (1973), 53 Ill.2d 572, 581-82, and *People v. Harvey* (1973), 53 Ill.2d 585, we held that "a case has not been finally adjudicated within the meaning of this language until the last direct appeal has been decided \*\*\*." Since the present case has not been "finally adjudicated" within the meaning of section 8—2—4 of the Unified Code of Corrections, the defendant is now eligible for probation and that circumstance is to be taken into account in the imposition of sentence.

The judgment of the appellate court is therefore affirmed, and the cause is remanded to the circuit court of Du Page County with directions to conduct a new hearing at which the court will take into account in imposing sentence the fact that a sentence to probation is not prohibited.

*Affirmed and remanded, with directions.*