The People of the State of Illinois, Plaintiff-Appellee, v. Willard McElroy, Defendant-Appellant.

(No. 59378;

First District (1st Division)—October 7, 1974.

Paul Bradley and Howard B. Augustus, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Willard McElroy (defendant) was indicted for murder (Ill. Rev. Stat. 1971, ch. 38, par. 9—1.) After plea bargaining he pleaded guilty to involuntary manslaughter (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(a)). On April 25, 1973, he was sentenced to 4 to 7 years in the penitentiary.

In this appeal by defendant, he questions the validity of the minimum sentence fixed under the law as it existed before January 1, 1973. The People respond that defendant, acting through his counsel, effectively waived his right to be sentenced under the Unified Code of Corrections and that the sentence should be affirmed as the result of a voluntary plea agreement.

It is agreed that the trial court fully and properly advised and admonished the defendant concerning all of his rights prior to accepting the plea as required by Supreme Court Rule 402 (50 Ill.2d R. 402.) The record shows a proper factual basis for the plea of guilty to involuntary

manslaughter and agreement between the parties and attorneys concerning the sentence. The court asked defendant's attorney in open court, "Now, Counsel, do you elect to be sentenced under the old Code?" The attorney responded, "Yes, most certainly, Judge." After a hearing in aggravation and mitigation, the court passed sentence.

As shown, this all occurred after January 1, 1973, the effective date of the Illinois Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1008—6—1.) The offense was committed on October 23, 1972, and the indictment was returned on December 28, 1972. Under the law in effect on those two dates, the penalty for involuntary manslaughter was an indeterminate sentence of from 1 to 10 years. (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(c)(1).) As a result of the Unified Code and various conforming amendments, involuntary manslaughter was classified as a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 9—3(c)(1).) This change fixed a maximum term "in excess of one year not exceeding 10 years" and a minimum term of 1 year, with an exception not applicable here, subject to the mandatory condition that the minimum should "not be greater than one-third of the maximum time set in that case by the court." See Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(4) and 1005—8—1(c)(4).

It is our considered opinion that the minimum penalty here must necessarily be reduced to comply with the mandate of the Unified Code. Any one of the following reasons is sufficient to support and to require this result:

■■ (1) It has been held that "[t]he Code of Corrections applies to negotiated pleas." (*People v. Cole*, 12 Ill.App.3d 1003, 299 N.E.2d 394.) In *Cole*, the defendant was sentenced before January 1, 1973. In the case before us, the sentence was passed when the Code was in effect. Based upon this premise, it follows logically that the sentence resulting from the negotiated plea should be conformed to the mandatory requirements of the Code.

■■ (2) By its own provisions the Unified Code is definitely applicable here. Since the cause had not reached the sentencing stage on the effective date of the Code and the sentence thereunder would be less than under prior law, under which the prosecution was commenced, the Code applies. (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4. Compare *People v. Marin*, 56 Ill.2d 490, 309 N.E.2d 9, and *People v. Lilly*, 56 Ill.2d 493, 496, 309 N.E.2d 1.) The illegal portion of the minimum sentence here is legally comparable to that portion of a maximum sentence in excess of the legal limit. The latter has been described as "void." *People v. Simpkins*, 48 Ill.2d 106, 111, 268 N.E.2d 386.

■■ (3) We have serious doubts regarding the validity of the so-

called waiver of the provisions of the Unified Code by the defendant. Waiver has been defined as "an intentional relinquishment or abandonment of a known right or privilege." (*Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L.Ed. 1461, 58 S.Ct. 1019.) It would be difficult seriously to urge that any defendant would knowingly choose a minimum of 4 years as more desirable than 2⅓ years.

■■ (4) The entire above discussion may be strictly academic. The parole eligibility of this defendant must be determined under the Unified Code. Since his eligibility for parole would occur later under the prior law, he is entitled to have his eligibility determined under the Code. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—3(c).) This was established in *People ex rel. Weaver v. Longo,* 57 Ill.2d 67, 72, 73, 309 N.E.2d 581, where the relator was sentenced under prior law and established his eligibility for earlier parole consideration under the Code by a subsequent *mandamus* action. See also *People v. Marsh,* 19 Ill.App.3d 357, 359, 360, 311 N.E.2d 416.

The judgment appealed from is modified by reducing the minimum of the sentence from 4 to 2⅓ years. As thus modified, the judgment is affirmed.

Judgment affirmed as modified.

EGAN, P. J., and HALLETT, J., concur.