THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY M. BRUHN, Defendant-Appellant.

First District (1st Division)   Nos. 76-1446, 76-1447 cons.

Opinion filed August 1, 1977.

Barnett, Ettinger, Berkson & Braverman, of Chicago (William C. Braverman and Michael D. Ettinger, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Timothy Quinn, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

These consolidated misdemeanor cases, involving driving a motor vehicle under the influence of intoxicating liquor (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)) and driving a vehicle upon an improper traffic lane (Ill. Rev. Stat. 1975, ch. 95½, par. 11—709), raise an issue of appellate procedure which requires comment. After a bench trial, Gary M. Bruhn (defendant) was found guilty of both offenses. On the charge of driving while intoxicated, he was sentenced to 6 months imprisonment and payment of a fine of $100 and costs. On the charge of driving in an improper lane, he was fined $10 and costs.

In this court, defendant contends that the trial court was biased against him as shown by remarks of the court allegedly made during the trial and that the sentences were imposed without a hearing on aggravation and mitigation. The State takes issue with the first contention on the theory that it was waived by failure of defendant to raise the point in his motion for new trial and that, in any event, defendant received a fair trial. The State concedes that the sentences should be vacated because improperly imposed without a hearing on aggravation and mitigation.

Our review of the first issue necessarily leads us to a result different from that urged by either party. On July 28, 1976, after trial, the court entered findings of guilty on each charge with judgments on said findings and sentences as above indicated. Defendant, by his counsel, filed a motion for new trial and a supplement thereto as to each charge on August 5, 1976. Simultaneously defendant filed motions to vacate the sentences on the grounds that he did not waive and never received a hearing in aggravation and mitigation and that he was not advised of his right to representation by an attorney.

■■ The court heard testimony at some length on these post-trial motions and denied them both. Defendant filed notice of appeal on September 10, 1976. No report of proceedings at trial was ever filed. The post-trial report of proceedings was filed on October 7, 1976, certified only by the court reporter. (See Supreme Court Rule 608(b), Ill. Rev. Stat. 1975, ch. 110A, par. 608(b).) Thus the post-trial report complied with the time limit in Supreme Court Rule 323(b). (Ill. Rev. Stat. 1975, ch. 110A, par. 323(b).) But, this report cannot be considered and certainly is not, in our opinion, a proper report of proceedings at trial. At best, it is simply the recollection of various actors in the trial drama as to what was or was not said at trial. The report of proceedings on the post-trial motions cannot comply with Rule 323(d) as it is definitely not an agreed statement of facts material to the controversy. If anything, it demonstrates a complete lack of agreement. It cannot comply with Rule 323(c) as a bystander's report. The procedure outlined in that rule was not observed,

the report was not certified by the trial judge and it is not an "accurate report of proceedings" at the trial.

On December 17, 1976, counsel for both parties filed in this court a stipulation that the report of proceedings on the post-trial motions be "certified to the record" in this appeal and that it "serve as the Report of Proceedings in the trial" conducted July 28, 1976. This stipulation was filed as part of a motion by counsel for defendant to supplement the record which was allowed in due course. Upon examination of the entire record, and re-examination of the motion and stipulation, we conclude that the order was improvidently entered and it is accordingly vacated.

In our opinion, a stipulation of the parties cannot transmute this post-trial report into an accurate and acceptable report of proceedings at trial. Neglect or failure to comply with the applicable rules cannot be cured by the statements in a post-trial motion nor in a motion for judgment notwithstanding the verdict or by statements in the briefs which are alleged to constitute admissions of fact. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550.

In our opinion, an acceptable report of proceedings must necessarily comply with Rules 323(a) and 323(b), a conventional report of proceedings, Rule 323(c), a bystander's report or Rule 323(d), an agreed statement of facts. No other method or device is permitted or acceptable. The final sentence of Rule 323(c) that "Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal" is described in the Committee Comments as having been "added to make it explicit that after a report of proceedings has been settled or agreed upon, only that report is to be included in the record on appeal." (Ill. Ann. Stat., ch. 110A, par. 323, Committee Comments, at 55 (Smith-Hurd 1976).) In our opinion, this limitation is both provident and wise. If litigants and counsel would be permitted to present reports of proceedings in such manner as they saw fit, complete chaos in appellate procedure would result.

■■■ It is the law of Illinois that the burden for proper preservation of the proceedings at trial rests upon the defendant. (*People v. Smith* (1969), 42 Ill. 2d 479, 483, 248 N.E.2d 68.) Where a defendant fails to take advantage of the liberal provisions in the rules of the supreme court, which remedy the situation in which no verbatim transcript is available, defendant must be deemed to have waived his contentions and it is the duty of the reviewing court to affirm the judgment appealed from. (*People v. Neal* (1975), 26 Ill. App. 3d 22, 26-27, 324 N.E.2d 476.) "Where the record of an appeal is incomplete, we will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including that the trial court ruled or acted correctly. And any doubt arising from incompleteness of the record will be resolved against the

appellant." *People v. Benford* (1975), 31 Ill. App. 3d 892, 897, 335 N.E.2d 106, and cases there cited.

This same rule has been invoked with the same result in civil as well as criminal cases. Rules 323(c), providing for the bystander's report of proceedings, and 323(d), concerning the agreed statement of facts, are expressly made applicable to criminal appeals by Supreme Court Rule 612(c). (See Ill. Rev. Stat. 1975, ch. 110A, par. 612(c). Note also *People v. Hopping* (1975), 60 Ill. 2d 246, 253, 326 N.E.2d 395.) This court has affirmed judgments where a defendant has failed to proceed in accordance with the rules to remedy the absence of a verbatim transcript. *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 342 N.E.2d 748.

■■ We will add that after examination of the report of proceedings on the post-trial motions, we cannot find bias by the judge against defendant at trial. Accordingly we reject defendant's first contention regarding alleged prejudice of the trial court. The judgments of conviction for both of the offenses here involved are affirmed.

We next consider the sentences. The State confesses error by stating in its brief that it is undisputed that no hearing in aggravation or mitigation was held prior to sentencing. The State also remarks that the trial judge was under the erroneous impression that no such hearing was required because the sentence he imposed was the minimum for a Class A misdemeanor. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1).) We will accept this confession of error and both of the sentences appealed from are reversed and the cause remanded for resentencing.

Defendant requests that we remand the cause for "resentencing to another magistrate based upon a showing of the trial court's prejudice." The State objects to this procedure on the ground that the argument of prejudice was unfounded. In view of the condition of the record before us, the cause is remanded for resentencing without further directions.

Judgments of conviction affirmed, sentences reversed and cause remanded for resentencing.

McGLOON and O'CONNOR, JJ., concur.