THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LINDA TURNER, Defendant-Appellant.

First District (5th Division)   No. 81—1574

Opinion filed November 19, 1982.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro, and LuAnn Rodi, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a jury trial, defendant was convicted of forgery and sentenced to a term of five years. She was arrested and charged with forgery after endorsing another person's name to a check and, using that person's Jewel Tea Co. check-cashing card, she attempted to cash the check at a Jewel Tea store.

On appeal, raising issues concerning only the jury selection and the sentencing process, defendant contends that (1) she was denied a fair trial when all 10 of the State's peremptory challenges were used to systematically exclude blacks as petit jurors; (2) it was error to deny probation to her in the absence of a finding that imprisonment

was necessary for the protection of the public or that probation was inconsistent with the ends of justice; and (3) there should be a resentencing hearing because the trial court did not state its reasons for the sentence imposed.

OPINION

Defendant first asserts that she was denied her right to a fair trial by the State's use of its peremptory challenges to exclude blacks from the jury. In this regard, we initially note that the *voir dire* transcript does not indicate either the race of those challenged or the racial composition of the venire, or of the jury finally selected. It does disclose that there was no objection or motion made by defendant concerning those peremptorily excused by the State. Defendant did, however, allege in her motion for a new trial that she was denied "her right to a cross-section of the community on the jury" by the State using all 10 of its peremptory challenges to exclude blacks. Attached to the motion was the unverified "affidavit" of defendant's trial attorney containing only his statement "that the State used all 10 of its peremptory challenges to exclude only Black jurors." While admitting that this statement of counsel in itself does not support her contention (see *People v. Gamboa* (1975), 30 Ill. App. 3d 242, 332 N.E.2d 543), she argues that the State, by failing to deny the statement, had admitted that its 10 peremptories were used to challenge only blacks. It thus is essentially her position that this admission alone was sufficient to establish a systematic exclusion of blacks which was in violation of her sixth amendment right to a jury drawn from a fair cross-section of the community.

In *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, in upholding the conviction of a black defendant by an all-white jury despite the prosecution's use of its peremptory challenges to strike all of the black prospective jurors on the venire, the court stated:

> "In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed

from the jury or that they were removed because they were Negroes." (380 U.S. 202, 222, 13 L. Ed. 2d 759, 773, 85 S. Ct. 824, 837.)

The reasoning in *Swain* was adopted by the Illinois Supreme Court in *People v. Butler* (1970), 46 Ill. 2d 162, 263 N.E.2d 89, and has been adhered to in that court's subsequent decisions. See *People v. Gaines* (1981), 88 Ill. 2d 342, 430 N.E.2d 1046, *cert. denied* (1982), 456 U.S. 1001, 73 L. Ed. 2d 1295, 102 S. Ct. 2285; *People v. King* (1973), 54 Ill. 2d 291, 296 N.E.2d 731.

Other States, interpreting their respective State constitutions, have held that the use of peremptory challenges on the sole ground of race violates a defendant's right to a fair and impartial jury (see *People v. Wheeler* (1978), 22 Cal. 3d 258, 583 P.2d 748, 148 Cal. Rptr. 890; *Commonwealth v. Soares* (1979), 377 Mass. 461, 387 N.E.2d 499, *cert. denied* (1979), 444 U.S. 881, 62 L. Ed. 2d 110, 100 S. Ct. 170; *People v. Thompson* (1981), 79 A.D.2d 87, 435 N.Y.S.2d 739), but until recently this court has either rejected the reasoning of those decisions (see *People v. Mims* (1981), 103 Ill. App. 3d 673, 431 N.E.2d 1126; *People v. Lavinder* (1981), 102 Ill. App. 3d 662, 430 N.E.2d 243; *People v. Fleming* (1980), 91 Ill. App. 3d 99, 413 N.E.2d 1330), or found that the defendant failed to establish a *prima facie* case that peremptory challenges were used solely on the found of group bias (see *People v. Vaughn* (1981), 100 Ill. App. 3d 1082, 427 N.E.2d 840; *People v. Tucker* (1981), 99 Ill. App. 3d 606, 425 N.E.2d 511; *People v. Bracey* (1981), 93 Ill. App. 3d 864, 417 N.E.2d 1029; *People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117). Defendant, however, relies on this court's recent decision in *People v. Payne* (1982), 106 Ill. App. 3d 1034, 436 N.E.2d 1046,[1] which holds that "when it reasonably appears to the trial court, either by its own observation or after motion by the defendant, that the prosecuting attorney is using peremptory challenges to systematically exclude blacks from the jury solely because they are blacks, the court should require the prosecutor to demonstrate, by whatever facts and circumstances exist, that blacks were not being systematically excluded from the jury solely because they were blacks." 106 Ill. App. 3d 1034, 1040, 436 N.E.2d 1046, 1050.

---

[1]Presently before our supreme court on leave to appeal. Recently, however, in *People v. Teague* (1982), 108 Ill. App. 3d 891, 439 N.E.2d 1066, another division of this court essentially disagreed with *Payne* and, in *People v. Gosberry* (1982), 109 Ill. App. 3d 674, the division which filed *Payne* reaffirmed its position.

■ *Payne* drew its reasoning and conclusions in great part from *Wheeler* and *Soares* which, after extensively examining the issue, concluded that the use of peremptory challenges to systematically exclude blacks solely because they are black could be a violation of the sixth amendment, and that *Swain* was not applicable because it considered the question in terms of equal protection under the fourteenth amendment. In the instant case, however, we are unable to make a determination as to whether there was any such systematic exclusion, as defendant has failed to provide us with an adequate record, as required by *People v. Gaines* (1981), 88 Ill. 2d 342, 43 N.E.2d 1046.

In *Gaines*, the defendant contended that the prosecution used its peremptory challenges to exclude all black veniremen. He asked that court to overrule its prior decisions and adopt the rule in *People v. Wheeler* (1978), 22 Cal. 3d 258, 583 P.2d 748, 148 Cal. Rptr. 890, that use of the State's peremptory challenges to exclude blacks on the sole ground of race violated his right to a fair and impartial jury. The *Gaines* court found that the issue was not properly before it because the defendant "failed to make a record which would show that the veniremen who were peremptorily challenged by the State were black." (88 Ill. 2d 342, 359, 430 N.E.2d 1046, 1054.) Although the *voir dire* proceedings apparently were recorded (see 88 Ill. 2d 342, 352-55, 430 N.E.2d 1046, 1051-53), they did not indicate the race of the veniremen challenged. Similarly, in the present case, while the record of proceedings contains the *voir dire*, it does not indicate the race of the veniremen challenged, nor the racial composition of the venire or of the jury which served at trial. While *Payne* does not explicitly require that the record show the race of the challenged veniremen, it recognizes this to be necessary. In referring to the cases relied upon by the State, it said: "In these cases, relief was denied either on the basis of an insufficient record or on the basis of *Swain*. Thus, they are distinguishable from the present case, where the record is sufficient and *Swain* is not applicable." 106 Ill. App. 3d 1034, 1044, 436 N.E.2d 1046, 1053.

It is clear that the accused has the burden of properly preserving the trial proceedings (*People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932), and neither statements in defendant's appellate brief (*People v. MacRae* (1977), 47 Ill. App. 3d 302, 361 N.E.2d 685) nor assertions in a post-trial motion (*People v. Gregorich* (1979), 71 Ill. App. 3d 251, 389 N.E.2d 619) can substitute for a proper report of proceedings (*People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932). Where the record is incomplete, the proper course is to

provide a bystander's report pursuant to Supreme Court Rule 323(c) (73 Ill. 2d R. 323(c)) or an agreed statement of facts under Rule 323(d) (73 Ill. 2d R. 323(d)), both of which are made applicable to criminal appeals by Rule 612(c) (73 Ill. 2d R. 612(c)). No other method or device is permitted or acceptable (*People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932), and "[w]here the record of an appeal is incomplete, we will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including that the trial court ruled or acted correctly. And any doubt arising from incompleteness of the record will be resolved against the appellant" (*People v. Benford* (1975), 31 Ill. App. 3d 892, 897, 335 N.E.2d 106, 110).

In the present case, the record does not reflect the fact that all of the veniremen peremptorily challenged by the prosecutor were black, nor does it disclose the racial composition of the jury trying the case; in fact, the record does not disclose that defendant is black. While defendant could have taken advantage of the provisions of the Supreme Court Rules to insure that the record reflected this information, she chose instead to rely solely on the unverified statement made by her counsel in the post-trial motion which otherwise made no reference to the racial composition of the jury or to her race. An analogous situation arose in *People v. Belton* (1981), 105 Ill. App. 3d 10, 433 N.E.2d 1119, where the defendant contended that the State's use of its peremptory challenges against blacks denied him a fair trial. The transcript of proceedings did not reflect the race of the veniremen challenged, but defendant orally moved that the venire be dismissed and a new venire brought up because the State had exercised seven of eight peremptory challenges against blacks, according to records kept by defense counsel. Apparently the prosecutor did not rebut this statement, but argued that the State need not give reasons for exercise of peremptory challenges, and that one black had been seated on the jury. On appeal, this court noted that the statement of counsel was not acceptable in lieu of a report of proceedings, a bystander's report, or an agreed statement of facts, and, citing *People v. Gaines* (1981), 88 Ill. 2d 342, 430 N.E.2d 1046, found that the record was "insufficient to show that those prospective jurors who were peremptorily challenged were black or members of minority groups." (*People v. Belton* (1982), 105 Ill. App. 3d 10, 16, 433 N.E.2d 1119, 1124.) Since the record before us suffers the same defects as in *Gaines*, and because the statements of counsel do not cure those defects, we find no basis for reversal.

We next turn to defendant's contention that the trial court erred

in denying her probation where it did not find that imprisonment was necessary for the protection of the public or that probation was inconsistent with the ends of justice. Defendant argues that in Illinois the preferred sentence is probation, and that sentence must be imposed unless the court explicitly finds probation improper under the particular circumstances.

■ The Unified Code of Corrections provides that:

"Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a).)

While the exact wording of the statute need not be used, substantial compliance is required, and the court should expressly state on which exception it relies in imposing a sentence other than probation. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Substantial compliance may be found in the trial court's discussion of the presentencing report or factors presented in aggravation and mitigation. *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323.

In the instant case, the record is completely silent as to the judge's reasoning in not imposing a sentence of probation. In addition, although the record indicates that the trial court received a presentence investigation report and heard factors in aggravation and mitigation, the court did not discuss any of these in imposing a sentence of five years' imprisonment. Thus, while the record tells us what the trial court *might* have considered, it would stretch the phrase "substantial compliance" too far to find that, because the court presumably read and listened, its opinion may be deemed to have been stated. Since we find neither actual nor substantial compliance with the statute, defendant's sentence will be vacated.

Defendant's final contention is that her sentence should be vacated because the trial court did not state its reasons for the sentence imposed as required by sections 5—4—1(c) and 5—8—1(b) of the Unified Code of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c), 1005—8—1(b).) Since we have already decided, for other rea-

sons, that defendant's sentence must be vacated, we need not reach this issue. Any alleged defects in sentencing may be remedied on remand.

For the reasons stated, defendant's conviction is affirmed, her sentence vacated, and the cause remanded for resentencing.

Affirmed, and remanded for resentencing.

LORENZ and WILSON, JJ., concur.