THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK MAJER, Defendant-Appellant.

Second District   No. 84—0075

Opinion filed February 27, 1985.

David G. Taylor and Michael J. Ventrelle, both of Elmhurst, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Frank Majer, appeals from an order of the circuit court convicting him of reckless driving (Ill. Rev. Stat. 1983, ch. 95½, par. 11—503(a)), contending (1) the conviction violated the terms of his plea agreement with the State, and (2) was not an authorized disposition under the provisions of the Unified Code of Corrections relating to supervision (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—1—21, 1005—6—1(c), 1005—6—3.1).

A verbatim transcript of the guilty plea hearing held June 13, 1983, which is the subject of this appeal, was not available and the parties have provided an agreed statement of facts pursuant to Supreme Court Rule 323 (87 Ill. 2d R. 323(c)(d)). From it and the common law record furnished to this court, certain facts are ascertainable.

Defendant was charged with driving while under the influence of alcohol on January 6, 1983, by an Illinois Uniform Traffic Ticket and Complaint; he was also charged with speeding and improper lane usage. After plea negotiations with the State, defendant and his attorney appeared in the circuit court on June 13, 1983, and he entered a

plea of guilty to the D.U.I. offense. The agreed statement of facts by the parties states the plea was entered in accordance with a written plea agreement, which was attached as exhibit A, and was approved by the trial court. That exhibit, which is titled "Traffic School of Behavior Change, Inc. D U I Program Referral," was dated June 13, 1983, and identifies the defendant, court, attorneys and arresting police department, but does not specify the offense to which he entered a plea of guilty. Under a section titled "Plea Agreement," it states defendant pleaded guilty, was found guilty and was placed on court supervision until December 12, 1983. It further provided that defendant was not to commit any alcohol-related offense, was to attend D.U.I. school and was to pay a $350 fine and court costs of $120. The last handwritten entry in the plea agreement section states "Reduce to Reckless Driving."

As a result of this "plea agreement," the trial court entered a written order on June 13 for court supervision, which is attached to the agreed statement of facts as exhibit B. It sets forth that defendant entered a plea of guilty to driving while under the influence of alcohol and, if he successfully completed the terms of supervision, which he had requested, defendant would be discharged and no judgment of guilty would be entered against him. The order for supervision further provided as terms that defendant would not violate any alcohol-related statutes or ordinances; would complete the traffic school; would pay a fine of $350 and report back to the court on December 12, 1983. Under a section titled "Other" was the statement "Reduce to Reckless Driving."

The record also discloses that on December 12, 1983, defendant appeared in court and tendered proof he had paid the fine and court costs and had satisfactorily completed the traffic school. On that same day, the trial court entered an order convicting defendant of reckless driving; no sentence or fine was imposed upon that conviction.

At the hearing of defendant's motion to vacate the conviction, the attorney who had represented him at the time of his guilty plea testified he had not informed defendant the reckless driving conviction would be entered at the end of the supervision period and that it was the attorney's understanding the phrase "reduce to reckless driving" meant the original charge would be so reduced and there would be no conviction after the satisfactory completion of supervision. Counsel stated he had advised his client all charges would be then dropped.

The trial court denied defendant's motion to vacate the reckless driving conviction, finding that the procedures followed were in accord with the practices of the court in such cases. The judge noted

that when an order for supervision was entered on a negotiated driving-while-under-the-influence-of-alcohol charge, it was a part of the agreement between defendant and the State that a conviction for reckless driving, or other less severe charges, be entered. The judge considered that the plea agreement removed the case from the provisions of the statute relating to supervision.

I

■ Defendant's contention that the conviction for reckless driving violated the terms of his plea agreement with the State is not supported by the record provided to this court.

The parties agree that as a part of the plea agreement defendant pleaded guilty to and was convicted of the offense of driving while under the influence of alcohol and was placed on supervision for six months; they also agree as to the terms of the agreement relating to other violations, traffic school, fine and costs. The State argues that an additional condition of the plea agreement, as shown in the common law record and agreed statement of facts, was that a judgment of conviction for reckless driving would be entered upon successful completion of supervision. Defendant argues that was not included in the plea agreement.

Supreme Court Rule 402(b) provides that where a plea of guilty is tendered pursuant to a plea agreement, the agreement shall be stated in open court. The trial court has a duty to question defendant in open court to confirm the terms of the plea agreement and shall not enter a final judgment without determining whether there is a factual basis for the plea. 87 Ill. 2d R. 402(b).

The well-established rule is that an appellant must demonstrate the existence of error in the record, and failure to do so creates a presumption of regularity that attaches to all trial court proceedings. (*People v. Calvert* (1980), 82 Ill. App. 3d 350, 353, 402 N.E.2d 638.) The purpose of appellate review is to evaluate the record presented in the trial court and, generally, review will be confined to what appears in the record. (*People v. Benford* (1975), 31 Ill. App. 3d 892, 894, 335 N.E.2d 106.) Because a court of review cannot presume the existence of an error that the record does not demonstrate affirmatively, it must resolve silence in the record against the defendant. (*People v. Harrell* (1982), 104 Ill. App. 3d 138, 143, 432 N.E.2d 1163.) It is also well-settled that the defendant has the burden of properly preserving the record of the proceedings conducted in the trial court. (*E.g., People v. Edwards* (1978), 74 Ill. 2d 1, 6, 383 N.E.2d 944, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862; *People v.*

*Smith* (1969), 42 Ill. 2d 479, 483, 248 N.E.2d 68; *People v. Turner* (1982), 110 Ill. App. 3d 519, 522, 442 N.E.2d 637; *People v. Malley* (1982), 103 Ill. App. 3d 534, 536, 431 N.E.2d 708.) Consequently, when the record presented on appeal is incomplete, a court of review will indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the trial court ruled or acted correctly. Any doubt arising from the incompleteness of the record will be resolved against the appellant. *People v. Turner* (1982), 110 Ill. App. 3d 519, 523, 442 N.E.2d 637; *People v. Bruhn* (1977), 51 Ill. App. 3d 269, 271, 366 N.E.2d 932.

The parties filed an agreed statement of facts which included the stipulation that the defendant entered into a plea agreement that the trial court approved. The stipulation stated that a copy of the agreement was attached as an exhibit, and it contains the notation "Reduce to Reckless Driving" under the heading "Plea Agreement." On appeal, the parties dispute the meaning and effect of this phrase, and it is apparent that the agreed statement of facts does not contain a definitive description of the terms of the plea agreement.

Given the incomplete and inadequate nature of the record offered on appeal, this court must presume, as the trial court found, that the plea agreement contained the condition that the defendant agreed to be convicted of reckless driving upon his successful completion of the period of supervision imposed with respect to the offense of driving while under the influence of alcohol. Applying the presumption, we conclude that the court correctly denied the defendant's motion to vacate his conviction on this ground.

## II

■ Defendant also contends that the conviction for reckless driving is not authorized by the supervision provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—1—21, 1005—6—1(c), 1005—6—3.1).

Section 5—1—21 defines "supervision" as a "disposition of conditional and revocable release without probation or supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—1—21; *People v. Bushnell* (1984), 101 Ill. 2d 261, 266, 461 N.E.2d 980.) Section 5—6—3.1(e) provides that when a defendant has completed supervision in a satisfactory manner, "the court shall discharge the defendant and enter a judgment dismissing the charges." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—

6—3.1(e); *Hajawii v. Venture Stores, Inc.* (1984), 125 Ill. App. 3d 22, 24, 465 N.E.2d 573; *People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 157, 426 N.E.2d 631, *appeal denied* (1982), 88 Ill. 2d 554.) Section 5—6—3.1(f) of the Code also provides that "[d]ischarge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f); *People v. Talach* (1983), 114 Ill. App. 3d 813, 824, 448 N.E.2d 638.

Defendant argues that the trial court was required to dismiss the charge of driving while under the influence of alcohol, to which defendant pleaded guilty and was granted supervision, and the court was not authorized by the Unified Code of Corrections to, instead, convict him of reckless driving. The State argues, however, that the conviction for reckless driving was the bargained-for result of defendant's negotiated plea of guilty and dismissal of pending charges and conviction of another offense is a permissible practice, citing *People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886.

The question which appears to be presented is whether a trial court may properly impose a disposition of a case, agreed to by the parties in a plea agreement entered pursuant to Supreme Court Rule 402(d) (87 Ill. 2d R. 402(d)), which is not authorized by the Unified Code of Corrections.

It is established that all dispositions imposed by the courts in criminal cases must be authorized by law. (*People v. Breen* (1976), 62 Ill. 2d 323, 327, 342 N.E.2d 31; *People v. Joseph* (1982), 105 Ill. App. 3d 568, 569, 434 N.E.2d 453.) The legislature has authorized the disposition of a case by an order for supervision and has specified the conditions of supervision which may be imposed. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—1, 1005—6—3.1.) Those authorized conditions do not suggest that a defendant who satisfactorily completes a period of supervision may, as a part of that disposition, be convicted of another offense. The concept of supervision, as determined by the legislature, is that it should be used in those less serious cases where "(1) the offender is not likely to commit further crimes; (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under the Code." Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(c).

In the present case, the trial court entered a conviction for reck-

less driving after defendant completed the other terms of his supervision, and it is apparent the court considered that as an additional condition of defendant's supervision. We find that condition is not authorized by the Code of Corrections in an order for supervision and should not have been imposed. See *People v. Roper* (1983), 116 Ill. App. 3d 821, 824, 452 N.E.2d 748 (error to impose a jail term as a condition of supervision).

■ The question remains whether the unauthorized disposition thus entered is cured because, in doing so, the trial court was implementing the plea agreement between defendant and the State. We conclude that it is not.

The Unified Code of Corrections applies to negotiated plea agreements. (*People v. Cole* (1973), 12 Ill. App. 3d 1003, 299 N.E.2d 394; *People v. McElroy* (1974), 23 Ill. App. 3d 674, 676, 320 N.E.2d 129.) Nothing contained in Supreme Court Rule 402 (87 Ill. 2d R. 402) suggests that a plea agreement relating to a sentence or other disposition need not comply with law simply because the parties have agreed to it. We do not consider that a trial court could properly concur in a proposed disposition of a case which it was not authorized to impose absent a plea agreement.

The relief requested by defendant in this case is that we vacate the order of conviction for reckless driving entered by the trial court. We note, however, that disposition, although erroneous, was agreed upon by him when defendant pleaded guilty to driving while under the influence of alcohol. It is also apparent that vacating the reckless driving conviction would not fully correct the errors in this case, as the trial court did not discharge defendant and enter a judgment dismissing the charge to which he pleaded guilty, as is required by section 5—6—3.1(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(e)) after successful completion of supervision. We conclude the most appropriate remedy is to reverse the judgment of the trial court, vacate defendant's plea of guilty and the orders entered thereon, and permit him to plead anew.

Accordingly, the judgment of the circuit court is reversed, defendant's plea is vacated and the cause remanded for further proceedings.

Reversed and remanded.

HOPF and SCHNAKE, JJ., concur.